Charles T. Major, J.
This claim was filed to recover damages resulting from the alleged negligence of the State in the construction, reconstruction, maintenance, supervision and inspection of the State highway known as Route 48, between Syracuse and Baldwinsville. Limited letters of administration in the estate of Donald Smith were duly issued to Emma Coss by the Surrogate of Onondaga County on March 22, 1956.
Shortly after 4:00 p.m., on March 10, 1956, Donald Smith, claimant’s intestate, was driving his motorcycle northerly on Route 48, in a lawful and prudent manner. Ho was accompanied by Fred Forger, owner and driver of another motorcycle, with Robert Thompson as a passenger on its rear seat. Both cycles proceeded almost side by side at about 35 to 40 miles per hour. Forger’s cycle was traveling on the easterly side of the road with the decedent on his left. When they came to and were rounding a curve in this highway, Forger pulled ahead of Smith as he slowed up, so that upon leaving the curve these cycles were three to four car lengths apart.
When the Forger cycle was a short distance north of the curve, Thompson looked back to see if the decedent was following. He saw the decedent’s machine wobble or zigzag, as if out of control, and go on to the shoulder. The decedent appeared to be getting his cycle under control while on the shoulder, when he suddenly “flipped”. He was thrown off the cycle a short distance, and died as a result of the injuries.
Route 48 was widened in the area of this accident in 1937, by constructing hvo-foot macadam additions on both sides of the original 20-foot wide macadam highway. At the location where the decedent began “ wobbling ” or “ zigzagging ”, the two-foot addition had settled and become depressed or lowered from % inches to 2 inches along the line of the original pavement. *858 This condition existed for a long period prior to- this, accident.. It conld not be seen by an oncoming driver as readily as one approaching it at right angles.
The stability of a motorcycle on two wheels is much less than that of an automobile on four wheels — yet each has equal rights and privileges, in the use, of the highway. The State,, in constructing and maintaining1 its highways must consider the safety of all users.
The court is of the opinion that the depression or difference in elevation between the easterly macadam edge of the original road and the two-foot strip added thereto, presented a condition which interfered with and obstructed the- safe progress of decedent’s vehicle, causing him to lose control and proceed unto-the shoulder of the highway. Claimant’s intestate thereby encountered an emergency which required him to drive on the easterly shoulder in an effort to regain control of Ms machine and, in doing so-, he struck a concrete guard post which lay partly on the shoulder, causing the decedent to be thrown from Ms cycle- to his death. The guárd post had been on the shoulder of the road at this location since September, 1955, and the State is charged with notice- of both the presence of the post and the dangerous condition in the difference of the level between the edge of the- old pavement, and the addition thereto. The State- gave no notice to the traveling public of such conditions and obstruction.
Claimant’s intestate, upon being faced with an emergency, was within Ms rights in using the shoulder of the road, to which he was involuntarily diverted. The use of such shoulder was obstructed by the fallen guard post. This obstruction could have been and” should have been removed by the State prior to this accident.
The proximate cause of this accident resulting" in decedent’s death, was negligence- of the State in its failure to maintain the highway, including the shoulder, in a reasonably safe condition for the benefit of the traveling public. Donald Smith was- free of contributory negligence.
The decedent was a sober, steady worMng man, 22, years of age, in good health, with a life expectancy of about 40 years. He married Marjorie Winifred Smith on May 9, 1954 who survives him. She became 21 years of age on March 8, 1957. He also left Mm surviving a daughter, Lisa Lou Smith, who was born on June 17, 1955. He was employed by the Motherland Dairy Company, earning an average of $69.52 gross per week.
Decedent’s wife, Marjorie Winifred Smith, devoted her entire time to her home as mother and housewife. After her husband’s *859 death, she remarried on June 28, 1956. Her husband’s name is Milton Warner.
The claimant is awarded the sum of $36,000 for damages, plus the sum of $900 for funeral expenses, making a total award of $36,900, Avith interest thereon from March 10, 1956.
The foregoing constitutes the Avritten and signed decision of this court upon which judgment may be entered. (Civ. Prae. Act, § 440.)
Let judgment be entered accordingly.