Dorothea E. Donaldson, J.
On January 5, 1959, at about 1 o’clock in the afternoon, claimant Anne Viggiano was seriously and permanently injured in a fall she incurred while riding a bicycle. That accident is the foundation for the present lawsuit. Filing was timely and the matter has not been adjudicated elsewhere.
Mrs. Viggiano left her home at about 12:30 in the afternoon on the day in question and set out on an errand for her husband. Her conveyance was a Dutch-made bicycle which she had purchased secondhand some six months before, equipped with a three-speed gearshift and hand brakes. Her route took her over Northern Boulevard, also known as Route 25A (State Highway No. 9018) and, more particularly, a section thereof in the Town of North Hempstead known as Spinney Hill. Mrs. Viggiano was traveling in a easterly direction although she was utilizing *206 the northernmost or westbound shoulder upon which to ride. It appears that she dismounted in order to climb Spinney Hill and then remounted and coasted down the eastern side.
At the point on the eastern slope where the fall occurred, Northern Boulevard is a four-lane, concrete roadway with asphalt shoulders approximately eight feet wide on either side together with a culvert outside the northern shoulder and then a wider expanse of shoulder whereon automobiles were parked. Mrs. Viggiano testified that as she coasted down this intermediate northern shoulder she saw a large accumulation of sand and gravel, applied her brakes, slowly, skidded, attempted to regain control, failed, and fell, fracturing her hip and sustaining various cuts and bruises.
The court finds that there was debris consisting of a quantity of sand and gravel, that the debris was the remnants of so-called abrasives which had been spread to counter ice and snow conditions in December by the Town of North Hempstead under agreements with Nassau County and the State and that the State was responsible for the maintenance and repair of the highway. The court further finds that there were no signs warning of such a danger in the area and that the condition had existed for a time sufficient for the State to have notice thereof if not actual, then constructive.
Nevertheless, claimant’s case must fall. Section 1231 of the Vehicle and Traffic Law of 1929, as added by the Laws of 1957 (ch. 698, § 4), which was in effect at the time of the occurrence, provided: “Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this title, except as to special regulations in this article and except as to those provisions of this title which by their nature can have no application.” Subdivision (a) of section 1234 of the Vehicle and Traffic Law of 1929 as added by the Laws of 1957 (ch. 698, § 4), which was in effect at the time of the occurrence, provided: “ Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a vehicle or bicycle standing or proceeding in the same direction.” Section 140 of the Vehicle and Traffic Law of 1929, as added by the Laws of 1957 (ch. 698, § 4), also in effect at the time of the accident, defined ‘ ‘ Roadway ” as “ [t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder” (emphasis added). When read together, these provisions establish that the proper position upon a roadway whereon to operate a bicycle is at a point on the extreme right *207 but not upon the shoulder, traveling with the traffic. In such a position the cyclist has a right to find the roadway in a reasonably safe condition, free of debris or defects, and xnay cast the municipality charged with control in damages for any injuries he suffers as a result of a failure so to maintain provided, of course, the. other elements of the cause of action are established.
It is true that the statutes cited do not forbid travel on the shoulder; in this sense they are directory rather than mandatory. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 171 et seq.) The question thus may be framed: Is the State under an obligation. to indemnify one injured while riding a bicycle on a defective shoulder assuming that bicycling on a shoulder of a highway is not unlawful per se 1
Since essentially similar provisions govern vehicular use of roadways (see, e.g., Vehicle and Traffic Law, § 1120), an analogy may be drawn from the courts ’ analyses of the liability flowing from injuries to automotive vehicles and their drivers proximately caused by shoulder defects. In this jurisdiction the law is well settled. Liability for defects attaches only when operation of a vehicle on the shoulder rather than on the pavement is a reasonable recourse because of some emergency or special condition. (27 N. Y. Jur., Highways, Streets, and Bridges, § 433 and cases therein cited.) No showing that an emergency or special condition confronted Mrs. Viggiano has been made. It follows that the defendant was under no duty toward this claimant the scope of which included the removal of debris from the shoulder involved. (Sutphen v. Town of North Hempstead, 80 Hun 409. See Halpin v. New York Rys. Corp., 250 App. Div. 613, affd. 276 N. Y. 545.) Cases such as Coss v. State of New York (11 Misc 2d 856, affd. 8 A D 2d 682) are distinguishable, the court there having found a sufficient emergency to justify resort to the shoulder.
The motion made during trial by the claimant to strike the reading of certain sections of the Vehicle and Traffic Law by the Assistant Attorney-General, decision upon which was reserved, is now granted. The court has taken judicial notice of the controlling statutes.
The State’s motion to dismiss is now granted and the principal claim as well as the derivative claim for loss of services must be and hereby is dismissed.