■ CHARLES F. (Anonymous), Appellant-Respondent, v. THERESE F. F. (Anonymous), Respondent-Appellant.— Order of the Supreme Court, Kings County, dated February 14, 1972, and judgment of the same court entered thereon March 14, 1972, affirmed with $20 costs and disbursements to defendant (see *Roth* v. *Roth*, 47 Misc 2d 701). Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.

■ VINCENT R. GARGANO, an Infant, by His Father and Natural Guardian VINCENT J. GARGANO, et al., Appellants, v. ROBERT HANINGTON, as Superintendent of Highways of the Town of Babylon, et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered December 19, 1969 in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiffs' case upon a jury trial on the issue of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. The infant plaintiff, then 14 years of age, was allegedly injured on April 6, 1965, when his bicycle skidded on an accumulation of sand on a public street. In our opinion, the evidence adduced by plaintiffs was sufficient to present issues of fact for the jury as to the negligence of defendants, whether that negligence was the proximate cause of the child's injuries and as to the question of contributory negligence. The presence of sand, gravel or other debris upon a public highway has been held to constitute a basis for recovery in a negligence action against a governmental subdivision charged with the duty to keep its highways in a reasonably safe condition (*Haggerty* v. *State of New York*, 300 N. Y. 537; *Armstrong* v. *Bacher*, 306 N. Y. 610; *Viggiano* v. *State of New York*, 47 Misc 2d 205). Upon the evidence presented, the jury could have found that the accumulation of sand had resulted from the winter sanding operations of defendants, that the sand should have been removed at an earlier date and that defendants had notice of its presence. The question of whether the infant plaintiff was contributorily negligent in riding near the side of the street rather than near the middle, where there was no sand, was for the jury to decide, particularly in view of subdivision (a) of section 1234 of the Vehicle and Traffic Law, which requires a person operating a bicycle to ride as near to the right side of the road as practicable (*Wartels* v. *County Asphalt*, 29 N Y 2d 372, 379). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.