■ THOMAS J. NELSON et al., Appellants, v TOWN OF HEMP- STEAD, Respondent. [656 NYS2d 363] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), dated March 4, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly slipped on sand left near a curb after the defendant Town of Hempstead (hereinafter the Town) had swept the sand from Lenox Road in Baldwin, New York, following a snowstorm. The court dismissed the complaint for failure to establish that the Town had prior written notice of the purportedly dangerous condition, as was required by Town Law § 65-a as well as by Town of Hempstead Code Chapter 6-1. On appeal, the plaintiffs contend that no such notice was nec- essary because the Town had either created the dangerous condition or been affirmatively negligent in sweeping the street. The plaintiffs' contentions are without merit.

The presence of sand on the street as part of a municipality's winter maintenance program may not form the basis of a conclusion by the trier of fact that it was a "defective condi- tion" of the sort that would ordinarily come to the attention of Town officials without written notice (*Herman v Town of Huntington*, 173 AD2d 681). In addition, the Town's failure, without more, to clear every grain of sand from the street, including from inaccessible areas behind parked cars, does not rise to the level of affirmative negligence or creation of a dangerous condition sufficient to raise a triable issue of fact to defeat the Town's motion for summary judgment (*see, e.g., Al- banese v Town of Hempstead*, 176 AD2d 697). Ritter, J. P., Alt- man, Krausman and Luciano, JJ., concur.