■ TRACEY HEPBURN, Appellant, v BARBARA CROCE et al., Defendants, and TOWN OF BROOKHAVEN, Respondent. [744 NYS2d 458] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Burke, J.), entered June 21, 2001, as granted that branch of the motion of the defendant Town of Brookhaven which was for summary judgment dismissing the cause of action to recover damages for

negligence in oversanding the road insofar as asserted against it, and (2) so much of an order of the same court, entered November 8, 2001, as granted the cross motion of the defendant Town of Brookhaven which was, in effect, for leave to reargue that branch of its prior motion which was for summary judgment dismissing the causes of action to recover damages for negligence which were predicated on negligent design and construction of the roadway and intersection and the failure to post signs warning of roadway hazards insofar as asserted against it and, upon reargument, granted that branch of the motion.

Ordered that the order entered June 21, 2001, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Town of Brookhaven which was for summary judgment dismissing the cause of action to recover damages for negligence in oversanding the road insofar as asserted against it is denied, and that claim is reinstated; and it is further,

Ordered that the order entered November 8, 2001, is reversed insofar as appealed from, on the law, the cross motion is denied, and the causes of action to recover damages for negligence which were predicated on negligent design and construction of the roadway and intersection and the failure to post signs warning of roadway hazards are reinstated insofar as asserted against the Town of Brookhaven, and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff sustained injuries in a motor vehicle accident which she claims were caused, inter alia, by the oversanding of the road by the defendant Town of Brookhaven (hereinafter the Town), by the Town's negligent design and construction of the road and intersection, and its failure to post proper warning signs of roadway hazards.

It is undisputed that the Town did not have written notice of the alleged oversanding condition on the road before the plaintiff's accident. The Town moved for summary judgment, arguing that it could not be held liable for the condition created on the road by its winter maintenance program in the absence of prior written notice. The plaintiff asserted that prior written notice was not required because the Town created the dangerous condition through its affirmative act of negligence (*see Amabile v City of Buffalo,* 93 NY2d 471, 474).

Contrary to the Town's argument, winter sanding activities are part of a municipality's day to day operations for which, in a proper case, liability may be imposed (*see Herman v Town of Huntington,* 173 AD2d 681, 682; *Gargano v Hanington,* 40 AD2d 675; *cf. Weiss v Fote,* 7 NY2d 579, 585). The Town's reli-

ance on *Nelson v Town of Hempstead* (238 AD2d 391), for the blanket proposition that it cannot be held liable for its actions here is misplaced. In *Nelson*, this Court held that the Town's passive act of failing to clear sand from the street, including inaccessible areas of the street, did "not rise to the level of affirmative negligence or creation of a dangerous condition" (*id.* at 391). By contrast, the plaintiff's claim in the instant action is predicated on the Town's alleged affirmative act of negligence in oversanding the road, thereby creating a dangerous condition for which no prior written notice is required.

The Town did not submit admissible evidence to establish that it did not create the allegedly dangerous condition on the road, and it therefore failed to sustain its burden on the motion in the first instance (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562). Moreover, even if it had satisfied its burden, the plaintiff's evidence in opposition in the form of an affidavit from the tow truck driver who responded to the accident scene, and the affidavit of her engineering expert were sufficient to raise a triable issue of fact as to whether the Town created an allegedly dangerous condition by oversanding the road.

The Supreme Court also erred in granting, in effect, upon reargument, the Town's cross motion for summary judgment dismissing the causes of action to recover damages for negligent roadway design and construction and failure to warn of hazards on the road insofar as asserted against it.

The Town's burden in the first instance was to submit evidence that the roadway design and construction and the decision to refrain from placing warning signs on the road were "the product of a deliberative decision-making process of the type afforded immunity from judicial interference" (*Boyd v Trent*, 262 AD2d 260, 261 [internal quotation marks omitted]; *see Appelbaum v County of Sullivan*, 222 AD2d 987, 989; *see also Winegrad v New York Univ. Med. Ctr.*, supra at 853; *Zuckerman v City of New York*, supra at 562). The Town's failure to submit any such evidence required denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, supra at 853). Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.