■ MATTHEW SCHLEUTER, Respondent, v TOWN OF BROOKHAVEN, Appellant, et al., Defendant. [759 NYS2d 90] —In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), entered August 16, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In the early morning hours of February 11, 1996, the plaintiff was a passenger in a truck driven by the defendant Kip Spadafore. While driving westbound on North Street in the Town of Brookhaven, Spadafore allegedly skidded on sand, lost control of the vehicle, and crashed into a tree on the side of the road. The speed limit in the Town is 30 miles per hour. The plaintiff, another passenger, and the plaintiff's expert estimated that the vehicle was traveling at an excessive rate of speed between 45 and 60 miles per hour. North Street had been sanded by the Town on February 1, 1996, and again on February 3, 1996, eight days before the accident. The plaintiff alleges that the Town was negligent in oversanding North Street, posting a curve warning sign instead of a turn warning sign, and in failing to install guardrails and flashing lights.

Winter sanding activities are part of a town's day-to-day operations for which, in a proper case, liability may be imposed (*see Hepburn v Croce,* 295 AD2d 475 [2002]; *Gargano v Hanington,* 40 AD2d 675 [1972]). Here, however, the Town met its burden of demonstrating that it did not create a dangerous condition on the road by virtue of its sanding operations (*see Herman v Town of Huntington,* 173 AD2d 681, 682 [1991]). The Town also established that the road was "reasonably safe for [those] who obey[ed] the rules of the road" (*Tomassi v Town of Union,* 46 NY2d 91, 97 [1978]). In response thereto, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, summary judgment dismissing the complaint insofar as it is asserted against the Town should have been granted. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.