Clancy v Powell (2026 NY Slip Op 01761)

Clancy v Powell

2026 NY Slip Op 01761

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DONNA-MARIE E. GOLIA
SUSAN QUIRK, JJ.

2021-04495
 (Index No. 610057/17)

[*1]Dennis T. Clancy, appellant, 
vMichael R. Powell, defendant, Town of Smithtown, et al., respondents.

Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP, New York, NY (Matthew J. Maiorana of counsel), for appellant.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Richard A. DeMaio and Scott D. Middleton of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 24, 2021. The order granted the motion of the defendants Town of Smithtown and Smithtown Highway Department for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In May 2017, the plaintiff commenced this action against the defendants Town of Smithtown and Smithtown Highway Department (hereinafter together the Town defendants) and the defendant Michael R. Powell (hereinafter the defendant driver) to recover damages for personal injuries the plaintiff alleged he sustained in a motor vehicle collision in March 2016, as a passenger in a vehicle driven by the defendant driver. The complaint alleged, inter alia, that on the night at issue, the defendant driver lost control of his vehicle when it made contact with sand on a roadway in the Town and crashed, causing the plaintiff to sustain personal injuries. The Town defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed. In an order dated May 24, 2021, the Supreme Court granted the Town defendants' motion. The plaintiff appeals.
"Where, as here, a municipality has adopted a prior written notice law, it cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (DeSalvio v Suffolk County Water Auth., 127 AD3d 804, 805; see Code of Town of Smithtown §§ 245-13, 245-14). "There are only two exceptions to a prior written notice requirement: '[s]uch notice is obviated where the plaintiff demonstrates that the municipality created the defect or hazard through an affirmative act of negligence or that a special use conferred a benefit on the municipality'" (Thompson v Nassau County, 200 AD3d 823, 825, quoting Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128; see Morreale v Town of Smithtown, 153 AD3d 917, 918). Moreover, "[w]here the plaintiff alleges that the subject accident was caused by a dangerous condition, liability will not attach unless the municipality had actual or constructive notice of the dangerous condition and subsequently failed to take reasonable measures [*2]to correct the dangerous condition" (Heins v Vanbourgondien, 180 AD3d 1019, 1023 [internal quotation marks omitted]).
"A municipality's duty to maintain its highways extends to conditions beyond the travel lanes and shoulders only when a prior accident or other event would give notice of a specific dangerous condition" (id. [internal quotation marks omitted]).
The Town defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that established that they did not receive any complaints regarding the sand on the roadway or the storm drains flooding in the area where the crash occurred, that there were generally no complaints on file for the crash site, and that any complaints submitted regarding the drains were resolved before the crash occurred. In opposition, the plaintiff failed to raise a triable issue of fact or establish that an exception to the prior written notice requirement applied.
"Winter sanding activities are part of a town's day-to-day operations for which, in a proper case, liability may be imposed" (Schleuter v Town of Brookhaven, 304 AD2d 641, 642; see Hepburn v Croce, 295 AD2d 475, 476). Contrary to the plaintiff's contention, the Town defendants demonstrated, prima facie, that they did not create the allegedly dangerous condition by oversanding the roadway or by failing to properly maintain the storm drains. Here, in support of their motion, the Town defendants submitted, inter alia, an expert affidavit of a professional engineer in which he opined that the Town defendants' sanding process was consistent with normal practices of highway maintenance. The Town defendants' expert further averred that the driver lost control of the vehicle on the unsanded portion of the pavement, rather than as a result of contact with the sand. The plaintiff failed to raise a triable issue of fact in opposition (see Huertas v Town of Smithtown, 226 AD3d 656, 658). The affidavit of the plaintiff's expert was conclusory and speculative and, therefore, failed to raise a triable issue of fact (see id.; Sasso v Village of Bronxville, 208 AD3d 910, 911-912).
Accordingly, the Supreme Court properly granted the Town defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court