■ THOMAS J. LAWRENCE et al., Appellants, v TOWN OF EAST FISHKILL, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated July 27, 1988, which, upon an order of the same court, entered June 27, 1987, granting the defendant's motion for summary judgment, is in the defendant's favor and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Town of East Fishkill Town Code § 44-1 provides, in pertinent part, that no action may be maintained against the defendant town for damages "sustained by reason of any highway, bridge, culvert, or *any other property, either real or personal,* of any type or description owned by the [defendant town] being defective, out of repair, unsafe, dangerous or obstructed" (emphasis supplied) unless prior written notice thereof shall have actually been given to the Town Clerk. The plaintiff Thomas J. Lawrence alleges he was injured while playing basketball on a basketball court which is owned by the defendant town and which testimony adduced at an exam-

ination before trial demonstrates was designed and built at its behest. There is no evidentiary indication as to how the accident occurred. The Supreme Court, Dutchess County, granted the defendant summary judgment following completion of disclosure, in part because it is undisputed that no prior written notice of any defective or dangerous condition was actually given to the Town Clerk. We affirm.

We acknowledge that, as the plaintiffs contend, the *ejusdem generis* rule of statutory construction requires that, where a general term is preceded by specific phrases which are all of the same nature, the general term must also be limited to matters within that class *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239). However, the rule must yield "where it contradicts the evident intent" of the body enacting the legislation being construed (McKinney's Cons Laws of NY, Book 1, Statutes § 239; *see also, Mark v Colgate Univ.,* 53 AD2d 884; *Matter of Blatnicky v Ciancimino,* 1 AD2d 383, *affd* 2 NY2d 943). Because the Town Board included the terms "any other property, either real or personal" in section 44-1, we cannot agree with the plaintiffs that the provision was intended to apply only to town-owned property used as a means of access or travel. We therefore agree with the Supreme Court that, to the extent the plaintiffs claim the accident was caused by a physical condition of the kind which would not ordinarily come to the attention of town officials unless they were given notice thereof *(cf., Hughes v Jahoda,* 75 NY2d 881; *Alexander v Eldred,* 63 NY2d 460), prior written notice of that condition was a necessary prerequisite to maintenance of this action *(see, Zigman v Town of Hempstead,* 120 AD2d 520). To the extent that the holdings in the decisions of the Appellate Division, Third Department, in *Barsh v Town of Union* (126 AD2d 311) and *Amsterdam Brush Corp. v City of Amsterdam* (105 AD2d 881), are to the contrary, we decline to follow them. Moreover, although the record demonstrates that the defendant town was responsible for the design and construction of the basketball court *(see, Rooney v City of Long Beach,* 42 AD2d 34, 37), there is no evidentiary indication that this case is premised upon a defect in its design or construction. Eiber, Harwood and Rosenblatt, JJ., concur.

Brown, J. P., concurs in the result, with the following memorandum: As the majority correctly concludes, the defendant established that the basketball court upon which the plaintiff Thomas J. Lawrence is alleged to have sustained injuries falls within the class of property to which the town's prior written notice statute is intended to apply *(see,* Town of

East Fishkill Town Code § 44-1). Since the plaintiffs failed to establish that the injuries sustained were caused by a defect or condition of which written notice was not required pursuant to section 44-1 *(see, e.g., Hughes v Jahoda,* 75 NY2d 881), and in fact, the plaintiffs have totally failed to adduce any proof in evidentiary form as to the manner in which the accident occurred, I agree that summary judgment dismissing the complaint was properly granted to the defendant.