■ EVELYN HERMAN et al., Respondents, v TOWN OF HUNTINGTON, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered December 7, 1989, which denied its motion for summary judgment dismissing the complaint, and from an order of the same court dated February 26, 1990, which denied its motion for reargument.

Ordered that the appeal from the order dated February 26, 1990, is dismissed without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered December 7, 1989, is reversed on the law, the defendant's motion is granted, and the complaint is dismissed; and it is further,

Ordered that defendant is awarded one bill of costs.

On February 21, 1987, the plaintiff Evelyn Herman fell while walking on a roadway owned by the defendant Town of Huntington. The plaintiffs claim that Ms. Herman's fall and ensuing injuries were caused by sand in the roadway and that the Town was negligent in the maintenance, ownership and control of the roadway. Among the Town's affirmative defenses was lack of prior written notice of any defect (see, Town Law § 65-a; Huntington Town Code § 173-18). Disclosure proceedings revealed that the Town, which bore responsibility for keeping the highway free of obstructions caused by snow (see, Highway Law § 140 [2]), issued a work order some 12 days before the accident directing its employees to plow and sand all roads within the Town.

Upon completion of discovery, the Town moved for summary judgment on the grounds that there was no proof that it created a dangerous condition and that lack of prior written notice was fatal to the plaintiffs' case. The Supreme Court denied the motion, ruling that issues of fact existed as to whether the Town created the condition by negligently sanding the streets, thus obviating the requirement that the Town

receive prior written notice of the injury-producing defect *(see, Kiernan v Thompson,* 73 NY2d 840; *see also, Hughes v Jahoda,* 75 NY2d 881). On appeal, the Town urges that the extent to which the road should be sanded and a decision as to when to remove the sand constituted an exercise of its police powers for which no liability can be imposed *(see, Weiss v Fote,* 7 NY2d 579). Our view of the case, premised on a search of the record, is somewhat different, but we agree with the Town that the Supreme Court should have granted its motion.

Winter sanding activities are part of the Town's day-to-day operations for which, in a proper case, liability may be imposed *(cf., Weiss v Fote, supra,* at 585; *see, Gargano v Hanington,* 40 AD2d 675). But while the Town's issuance of a directive to plow and sand all streets may support an inference that it, in fact, at some unspecified time placed sand on the street where the plaintiff fell, it does not provide support for the further inference that the Town also created a defective or dangerous condition which was in existence at the time of Ms. Herman's fall *(cf., Gaffney v City of New York,* 218 NY 225; *Haggerty v State of New York,* 275 App Div 981, *affd* 300 NY 537; *see, Ciaccio v Germin,* 138 AD2d 664). There is no basis, other than sheer speculation, on which a trier of fact could conclude that the alleged injury-producing condition on the roadway was of a kind that would ordinarily come to the attention of Town officials without written notice thereof *(see, Lawrence v Town of E. Fishkill,* 167 AD2d 447; *cf., Hughes v Jahoda,* 75 NY2d 881, *supra).* Since the plaintiffs concede and the record demonstrates that no written notice was given, this action may not be maintained *(see,* Town Law § 65-a [1]; Huntington Town Code § 173-18). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.