■ JOAN CARBONE, Appellant, v TOWN OF BROOKHAVEN, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated July 27, 1990, which denied her motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is affirmed, with costs.

The key factors in determining whether leave to file a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual *(see,* General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Matter of Perry v City of New York,* 133 AD2d 692, 693).

The plaintiff has failed to adequately explain the delay in filing an application for leave to serve a late notice of claim until more than 14 months after the date of the accident. On the basis of the documents submitted, we find that her physical circumstances did not justify the delay of more than a year in consulting an attorney *(see, Kravitz v County of Rockland,* 112 AD2d 352, 353, *affd* 67 NY2d 685).

The bare assertions by the plaintiff that the Town of Brookhaven created the dangerous condition are totally inadequate to establish actual knowledge on its part of the essential facts constituting the claim *(see, Carroll v City of New York,* 130 AD2d 702). It is undisputed that no police or accident report was filed with respect to the plaintiff's fall on a crack in the concrete surface of a handball court. Moreover, in view of the

plaintiff's delay of over 14 months in seeking leave to file her notice of claim, there is a very real danger of changed conditions which would preclude an accurate reconstruction of the circumstances existing at the time the accident occurred *(see, Kravitz v County of Rockland, supra; Matter of Perry v City of New York, supra).* The plaintiff's contention that the premises remain unchanged was insufficient to enable the defendant to conduct a meaningful investigation *(see, Matter of Malla v City of New York,* 129 AD2d 580; *Martire v City of New York,* 129 AD2d 567; *Mazza v City of New York,* 112 AD2d 921).

Under the circumstances, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve a late notice of claim. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.