■ ADELINE WILLIAMS, Respondent, v NEW YORK CITY

Housing Authority, Appellant.

The elderly plaintiff, a 75 year old woman residing in one of defendant's projects in Bronx County, fractured her knee when she fell on a concrete, exterior ramp leading to the laundry room at 380-2 E. 143rd Street. After employees of the defendant Housing Authority responded to the scene and interviewed plaintiff, she was transported by ambulance to Lincoln Hospital for treatment. An accident report was filed by the defendant's employees shortly thereafter. A timely notice of claim was filed February 3, 1989, which simply stated that plaintiff fell on the ramp due to a "dangerous and defective condition". On June 19, 1989, 7 months after the accident, a statutory General Municipal Law § 50-h hearing was conducted.

The IAS court properly denied defendant's cross-motion for summary judgment on the ground that the notice of claim was insufficient as a matter of law. Any deficiency in the notice was obviated by immediate, actual notice to defendant of the facts underlying plaintiff's claim, by virtue of the fact that defendant's own employees were immediately notified of the accident, interviewed plaintiff as to the cause and location of her fall, and investigated the conditions at the accident site (see, e.g., Matter of Smiley-Walsch v New York City Hous. Auth., 172 AD2d 382). Moreover, defendant had a further opportunity to interview plaintiff at the statutory hearing, which was conducted within 7 months of the accident, at which time the exact location of the accident was established by plaintiff's testimony and photographs of the scene. Under these circumstances, there was no prejudice to defendant. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.