■ DOROTHY M. BIGGERS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [609 NYS2d 278] —In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 16, 1991, as, upon renewal and reargument, adhered to its original determination denying the defendant's motion to dismiss and granting the plaintiff's cross motion to strike the defendant's fifth affirmative defense of failure to file a notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant was served with a claim form within the 90-day period required by General Municipal Law § 50-e (1) (a) by

personal delivery to its office at 250 Broadway in Manhattan. The defendant failed to demonstrate that the claim form was not properly served in accordance with General Municipal Law § 50-e (3) (a). As for the notice itself, we conclude that under the circumstances of this case, its defects are inconsequential and may be disregarded. The plaintiff acted in good faith and, as the Supreme Court found, the defendant did not demonstrate that its ability to defend this action has been prejudiced (see, General Municipal Law § 50-e [6]; *Caselli v City of New York,* 105 AD2d 251, 254). An accident report was filed shortly after the incident and the defendant assigned a claim number to the matter and conducted an investigation (see, *Williams v New York City Hous. Auth.,* 179 AD2d 523). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.