■ DANUTA LESZCZYNSKA, Appellant, v CITY OF NEW YORK et al., Respondents. [615 NYS2d 420] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated December 18, 1992, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondent City of New York.

The defendant Geza Grunfeld lost control of his car as he was driving in reverse from Queens Boulevard onto 68th Avenue to park at a meter. Grunfeld's vehicle jumped the curb on 68th Avenue and mounted the sidewalk, where it pinned the plaintiff to a brick wall and severed her leg. Grunfeld admitted that he had no control over his vehicle, and that his brakes did not function properly.

The plaintiff commenced this action alleging, *inter alia,* that the City negligently maintained the road and curb area and created a dangerous condition by making defective repairs on 68th Avenue. Evidence was adduced that there was a pothole in the roadway near the accident scene, but the plaintiff conceded that the City never received prior written notice of that condition or of any other alleged defect in the vicinity of the accident.

The plaintiff's belated and speculative assertion that the City affirmatively created a roadway defect is inadequate to raise a triable issue of fact regarding the City's actual knowl-

edge of a defect and does not obviate the prior written notice requirement (see, Messina v City of New York, 190 AD2d 659; Carbone v Town of Brookhaven, 176 AD2d 778; Herman v Town of Huntington, 173 AD2d 681). We find that there is no evidence that the City affirmatively created a defective roadway condition, nor that any purported defect in the roadway caused the accident, which Grunfeld attributed to a mechanical malfunction of his vehicle. Moreover, to the extent that Grunfeld subsequently indicated that the accident was precipitated by his vehicle striking a "depression" in the roadway prior to jumping the curb, we note that the conceded absence of prior written notice of the alleged "depression" precludes the maintenance of this action against the City (see, Administrative Code of City of NY § 7-201 [c] [2]). Accordingly, the City was entitled to summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims against it. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.