■ FRANK LEVETTE, Respondent, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Appellant. [615 NYS2d 421] —In a personal injury action, the defendant Triborough Bridge & Tunnel Authority appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 13, 1992, which granted the plaintiff's application for leave to serve a late notice of claim upon the defendant.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the application is denied.

When a plaintiff is seeking leave to serve a late notice of claim, the court must consider whether the plaintiff has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, whether the entity to be served acquired actual knowledge of the essential facts constituting the claim within the time which one must serve a notice of claim or within a reasonable time thereafter, and whether the delay would substantially prejudice the entity in maintaining its defense on the merits *(see, Carbone v Town of Brookhaven,* 176 AD2d 778; *Pagan v New York City Hous. Auth.,* 175 AD2d 114; *Pavone v City of New York,* 170 AD2d 493).

Here, the plaintiff was allegedly injured in a fall on May 21, 1991, from the Marine Parkway Bridge. However, the plaintiff did not make the appropriate motion to serve a late notice of claim until April 15, 1992. Moreover, the plaintiff claims the defendant acquired actual knowledge of the essential facts when its employee, a Marine Parkway Bridge operator, re-

ported the incident to the United States Coast Guard. However, proof that the incident was reported to the United States Coast Guard, even if reported by an employee of the defendant, does not establish that the incident was reported to a supervisor of the employee with a duty to investigate the condition *(see, Caselli v City of New York,* 105 AD2d 251; *Taquinio v City of New York,* 84 AD2d 265, *affd* 56 NY2d 950), and does not satisfy the plaintiff's burden of demonstrating that the defendant acquired actual knowledge. Where, as here, the plaintiff has failed to demonstrate (1) a reasonable excuse for his delay of more than 11 months in seeking leave to serve a late notice of claim, and (2) that the defendant received actual knowledge of the essential facts constituting the claim within a reasonable time thereafter within the meaning of General Municipal Law § 50-e (5), the plaintiff's application must be denied. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.