■ In the Matter of SHAMAR CALLOWAY, an Infant, by Her Mother and Natural Guardian, YVONNE CALLOWAY, Respondent, v CITY OF NEW YORK HOUSING AUTHORITY, Appellant. [631 NYS2d 752] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from a judgment of the Supreme Court, Queens County (Rutledge, J.), dated November 3, 1993, which granted the application.

Ordered that the judgment is reversed, as an exercise of discretion, with costs, and the application for leave to serve a late notice of claim is denied.

On August 21, 1992, the infant petitioner was injured when he fell from allegedly defective playground equipment. The infant petitioner's mother contacted an attorney within two weeks after the accident, who, in turn, contacted an investigator. The investigator, in a report completed less than a month after the accident, set forth the site of the accident, between 81-01 and 81-03 Hammels Boulevard, in Rockaway Park, a diagram and photographs of the accident scene, and a summary of his interview with an eyewitness to the accident, which indicated that the accident occurred at 7:30 P.M. on August 21, 1992.

No timely notice of claim was served. In May 1993 the petitioner sought leave to serve a late notice of claim, and submitted an affidavit from the eyewitness, stating that the accident occurred "on August 21, 1992 at about 7:30 P.M."

In opposition, the appellant noted that the playground apparatus at the site "has been repeatedly vandalized both on a small and large scale" and that numerous repairs have been made in the nine months since the accident, making it impossible to ascertain the condition of the equipment on the date of the accident. The appellant also submitted an affidavit from its Supervisor of Grounds, stating that the appellant's "grounds people * * * work an 8 A.M. to 4:30 P.M. day", and all other employees leave the site at 5:00 P.M. so "it is unlikely that [appellant's] employees would have been present on the scene after it occurred" to acquire actual knowledge of the facts underlying the petitioner's claim.

By order dated July 7, 1993, the application was denied, with leave to renew upon proof of the reason for the delay in asserting the claim. Upon renewal, the petitioner's attorney noted that upon re-interviewing the eyewitness, he ascertained that

the accident occurred on August 21, 1992, between 3:00 and 4:00 P.M., and the time 7:30 P.M. was when the infant petitioner arrived at the hospital. However, the hospital records for the petitioner state the "time in" as "9:11 P.M." The eyewitness also submitted a new affidavit, stating "there were Housing Authority personnel in the area, that I believe may have seen the accident".

In explaining the reason for the delay in asserting a claim, the petitioner's attorney asserted that "the fact that the accident occurred on a playground owned by the New York City Housing Authority was not relayed to us by the infant's mother", and was only ascertained after the eyewitness was "initially * * * interviewed as part of the investigation into this case".

The court, finding that the petitioner "offered a reasonable excuse for the delay", granted the application. This appeal ensued.

This Court recently noted in *Matter of O'Mara v Town of Cortlandt* (210 AD2d 337, 338): "The key factors to be considered in deciding an application for leave to serve a late notice of claim are whether the petitioner has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the municipality's opportunity to investigate and defend the claim was substantially prejudiced by the delay".

The petitioner's investigator ascertained the site of the accident and interviewed the eyewitness in September 1992. Therefore, the petitioner's delay in ascertaining that the playground was owned by the appellant is inexplicable, and certainly cannot be attributed to the petitioner's infancy *(see, Matter of O'Mara v Town of Cortlandt, supra; Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601). Further, the petitioner failed to establish that the appellant had actual knowledge of the facts underlying the claim within 90 days after the claim arose or a reasonable time thereafter. Even if the accident occurred between 3:00 and 4:00 P.M. on August 21, 1992, and even if employees of the appellant were present in the playground at the time of the accident, such would not establish that the appellant acquired actual knowledge of the essential facts underlying the claim *(see, Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330). Further, the appellant established prejudice from the delay, since it was unable to conduct its own investigation as to the condition of the playground equipment at the time of the accident.

Accordingly, the petitioner's application for leave to serve a late notice of claim is denied. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.