■ In the Matter of ALBERT LaROCCA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [648 NYS2d 318] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of

claim, the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 1, 1995, which denied his application.

Ordered that the order is affirmed, with costs.

The petitioner alleges that on January 24, 1994, he was injured when he fell from a ladder while removing old wiring at Bellevue Hospital. However, he did not serve a notice of claim upon the respondents until November 1994, some ten months after the alleged accident and well beyond the 90-day time limit of General Municipal Law § 50-e. The petitioner thereupon commenced this proceeding for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]). Because the petitioner failed to proffer, *inter alia*, a reasonable excuse for his failure to serve a timely notice of claim or evidence that the respondents acquired actual knowledge of the facts constituting his claim within 90 days of when it arose or within a reasonable time thereafter, the Supreme Court did not improvidently exercise its discretion in denying the requested relief (see, *Matter of Sosa v City of New York*, 206 AD2d 374, 375; *Levette v Triborough Bridge & Tunnel Auth.*, 207 AD2d 330; *Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322; *Carbone v Town of Brookhaven*, 176 AD2d 778). Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.