■ ERNEST ROBERTSON et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [655 NYS2d 572] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), entered June 21, 1995, which granted the plaintiffs' motion to renew and reargue their prior motion to serve a late notice of claim, and upon reargument, granted the motion for leave to serve a late notice of claim. Justice Florio has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, and the motion to renew and reargue is denied.

In deciding whether to grant or deny a motion for leave to serve a late notice of claim, the court must consider whether the petitioner has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, whether the municipality to be served acquired actual knowledge of the essential facts constituting the claim within the 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795).

The plaintiffs contend that the injured plaintiff was so severely injured that he was unable to seek legal counseling at

an earlier time. However, the plaintiffs have failed to set forth any proof of a reasonable excuse for their failure to serve a timely notice, i.e., medical records or a physician's sworn statement, in support of their claim. Therefore, the plaintiffs' application must be denied. Altman, Florio and McGinity, JJ., concur.

Miller, J. P., dissents and votes to affirm with the following memorandum with which Goldstein, J., concurs. I respectfully dissent as I do not agree that the court improvidently exercised its discretion in granting the plaintiffs' motion for leave to serve a late notice of claim.

The plaintiffs, Ernest and Juanita Robertson, have been tenants residing in an apartment building owned by the defendant, New York City Housing Authority (hereinafter the Authority) for more than 15 years. Commencing at some time in 1993, the Authority began removing the old gas stoves in the apartments within the building in which the plaintiffs live, replacing them with new stoves which utilize an electronic pilotless ignition system. According to the plaintiffs, numerous tenants complained about these new stoves since the ignition systems were not functioning properly and the gas would remain on for an unnecessarily long time before the igniters would cause the stoves to light. On February 18, 1994, Ernest Robertson allegedly sustained severe burns to his hands and arms when his stove exploded as he was attempting to light it.

Mr. Robertson was taken to the burn unit of New York Hospital-Cornell Medical Center. He underwent skin grafts and remained hospitalized until March 24, 1994. His healing process was allegedly hampered due to diabetes and following his discharge he remained bedridden. On July 18, 1994, he first consulted an attorney, who served a notice of claim that very day. Meanwhile, the Authority had removed and replaced the stove which had allegedly caused the explosion, as it was admittedly on notice of the incident.

The Supreme Court granted the plaintiffs' motion for leave to serve a late notice of claim upon renewal and reargument. A majority of this Court finds that it was improvident for the court to do so. I cannot agree.

As the majority notes, when leave to serve a late notice of claim is sought, the court must consider whether the plaintiff has a reasonable excuse for not filing a timely claim, whether the municipal defendant received prompt actual notice of the facts underlying the claim, and whether the municipal defendant would be prejudiced in its defense as a result of the delay. All relevant considerations support affirming the order granting the plaintiffs' application.

Clearly, the Authority received prompt actual notice of the explosion within the plaintiffs' apartment. It sent workers to the plaintiffs' apartment to inspect the damage on the very day of the explosion, and it again sent workers to disconnect the stove the following day. Several days later another worker allegedly repaired the stove but approximately two months later the Authority removed the stove from the plaintiffs' apartment and replaced it with a new stove. The plaintiffs allege that the defective stove is still in the Authority's possession and available for inspection, and the Authority does not controvert that allegation. In fact, the Authority's conclusory allegations of prejudice are belied by the record. Clearly the Authority possessed contemporaneous actual knowledge of the allegedly defective stove and has not been genuinely prejudiced by the delay of approximately two months beyond the expiration of the 90-day limitations period (see, Ayala v City of New York, 189 AD2d 632; Matter of Parco v City of New York, 160 AD2d 581).

Moreover, Mr. Robertson clearly possessed a reasonable excuse for his delay in seeking legal aid. He was hospitalized from February 18, 1994 to March 24, 1994, in the New York Hospital-Cornell Medical Center burn unit, where he underwent repeated skin grafts. His healing was allegedly hampered by his diabetes and he remained largely bedridden. Given his physical limitations, it is hardly surprising that he did not consult an attorney any sooner (see, Matter of Gorinshek v City of Johnstown, 186 AD2d 335; Morano v County of Dutchess, 160 AD2d 690). Counsel served a notice of claim on the very day Mr. Robertson first sought legal representation so as not to compound the delay. Accordingly, upon a careful balancing of all relevant circumstances, I find that leave to serve a late notice of claim was providently granted.