■ In the Matter of Mario Galluccio et al., Appellants, v City of New York, Respondent. [667 NYS2d 953] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated September 27, 1996, which denied the application.

Ordered that the order is affirmed, with costs.

It is well settled that the determination of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see, Matter of Rudisel v City of New York*, 217 AD2d 702; *Matter of Farrell v City of New York*, 191 AD2d 698; *Ortega v New York City Hous. Auth.*, 167 AD2d 337). Here, the Supreme Court did not improvidently

exercise its discretion in denying the petitioners' application. The petitioners failed to present an adequate excuse either for their failure to serve a timely notice of claim or for their delay in moving for leave to serve a late notice of claim. The infancy of the injured petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim (*see, Matter of Bischert v County of Westchester*, 212 AD2d 529). Moreover, the City did not have actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, and the delay prejudiced its ability to maintain its defense on the merits (*see, Rudisel v City of New York, supra; Carbone v Town of Brookhaven*, 176 AD2d 778). Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.