■ FRANCIS FEE, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendants. [703 NYS2d 261] —In an action to recover damages for personal injuries, the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County

(DiNoto, J.), dated January 21, 1999, which granted the plaintiff's application for leave to serve a late notice of claim upon the County of Nassau pursuant to General Municipal Law § 50-e (5).

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the application is denied.

When a plaintiff is seeking leave to serve a late notice of claim, the court must consider whether the plaintiff has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, whether the municipality to be served acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual (*see,* General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Matter of Shapiro v County of Nassau,* 208 AD2d 545; *Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330; *Carbone v Town of Brookhaven,* 176 AD2d 778).

The plaintiff failed to proffer an adequate explanation for the delay in filing an application for leave to serve a late notice of claim. Furthermore, the County did not have actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, and the delay prejudiced its ability to maintain its defense on the merits (*see, Matter of Galluccio v City of New York,* 247 AD2d 473; *Matter of Rudisel v City of New York,* 217 AD2d 702; *Leszczynska v City of New York,* 207 AD2d 329; *Messina v City of New York,* 190 AD2d 659; *Carbone v Town of Brookhaven, supra*; *Herman v Town of Huntington,* 173 AD2d 681). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.