■ MARGARITA FIGUEROA et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [707 NYS2d 37] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered November 27, 1998, which, *inter alia*, denied that part of defendant Housing Authority's cross-motion seeking summary judgment dismissing the complaint, unanimously modified, on the law, to grant the cross-motion to the extent of dismissing the third and fourth causes of action, and otherwise affirmed, without costs.

Plaintiff's action seeking damages arising from an alleged wrongful eviction was timely commenced pursuant to Public Housing Law § 157 (2) since the Statute of Limitations was tolled for the 30-day period subsequent to plaintiffs' filing of their notice of claim (*see*, Public Housing Law § 157 [1]; *Graham v City of New York*, 199 AD2d 304) and to allow for compliance with defendant's demand for a statutory hearing (*see*, General Municipal Law § 50-h; *Melendez v New York City Hous. Auth.*, 252 AD2d 437). The motion court should, however, have dismissed plaintiffs' third and fourth causes of action by reason of plaintiffs' failure to provide adequate notice of those claims (*see*, General Municipal Law § 50-e; Public Housing Law § 157 [2]). While evidence adduced at the statutory hearing can

rectify deficiencies in a notice of claim's descriptions of location and injuries (*see, D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891; *Williams v New York City Hous. Auth.*, 179 AD2d 523), information supplied at the hearing may not be used to amend the theory of liability set forth in the notice of claim where, as here, amendment would change the nature of the claim (*see, Torres v New York City Hous. Auth.*, 261 AD2d 273, *lv denied* 93 NY2d 816; *Gonzalez v New York City Hous. Auth.*, 181 AD2d 440).

The court properly denied the cross motion insofar as it sought to dismiss the claim for treble damages for unlawful eviction under an invalid warrant (*see,* RPAPL 853; *O'Hara v Bishop*, 256 AD2d 983).

Plaintiffs' failure to appeal precludes consideration of their arguments with respect to the dismissal of their claim for punitive damages or the grant of summary judgment upon defendant Housing Authority's claim for rent arrears.

We have considered defendant-appellant's remaining arguments and find them to be unavailing. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.