■ PRINCE HENRY et al., Appellants, v SERGIO A. AGUILAR et al., Respondents. [724 NYS2d 325] —In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated March 8, 2000, which denied their motion pursuant to General Municipal Law § 50-e (5), *inter alia*, for leave to serve a late notice of claim, granted the cross motion of the defendant New York City Health and Hospitals Corporation to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs failed to timely serve a notice of claim, and granted the separate cross motion of the defendant Sergio A. Aguilar for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The first notice of claim served on behalf of the plaintiffs, an infant and his mother, was served on October 1, 1996, approximately 5½ years after the cause of action accrued. As that notice of claim was not served within 90 days after the cause of action accrued, and was served without leave of the court, it was a nullity (*see*, General Municipal Law § 50-e [1] [a]; *Mack v City of New York*, 265 AD2d 308; *Kokkinos v Dormitory Auth.*, 238 AD2d 550). Therefore, no attempt to amend that notice of claim is permitted. Accordingly, the plaintiffs' purported amended notice of claim dated May 19, 1999, which is the subject of the plaintiffs' motion can only be treated as a late notice of claim, as there is no previous valid notice of claim to amend.

The determination of whether to grant an application to file a late notice of claim is left to the sound discretion of the trial court (*see, Matter of Knightner v City of New York*, 269 AD2d 397). Under the circumstances presented, the Supreme Court

providently exercised its discretion in denying the plaintiffs' application and in granting the cross motion of the municipal defendant to dismiss the complaint insofar as asserted against it (*see,* General Municipal Law § 50-e [5]; *Matter of Knightner v City of New York, supra; Moise v County of Nassau,* 234 AD2d 275).

After the defendant Dr. Sergio A. Aguilar made a prima facie showing of his entitlement to judgment as a matter of law, the plaintiffs failed to establish the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.