■ In the Matter of LEILA A. HUNTE, Appellant, v CITY OF NEW YORK, Respondent. [726 NYS2d 273] —In a proceeding pur-

suant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 21, 2000, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In deciding whether to grant a petition for leave to serve a late notice of claim, the court must consider whether the petitioner demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, whether the municipality to be served acquired actual knowledge of the essential facts constituting the claim within the 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Robertson v New York City Hous. Auth.,* 237 AD2d 501; *Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330). Here, the Supreme Court properly denied the petition, as the petitioner failed to demonstrate a reasonable excuse for her delay, actual knowledge of the claim on the part of the respondent, and the absence of prejudice to the respondent. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.