In the Matter of JEORGIO PICO, Appellant, v CITY OF NEW YORK, Respondent. [777 NYS2d 697]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 16, 2003, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner failed to establish that the respondent had timely notice of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter. Assuming

that the respondent had knowledge of the facts constituting the claim because New York City Correction Officers were present at the accident site, "what satisfies the statute is not knowledge of the alleged wrong, but rather, knowledge of the nature of the claim" (*Matter of Shapiro v County of Nassau,* 208 AD2d 545 [1994]; *see Matter of Termini v Valley Stream Union Free School Dist. No. 13,* 2 AD3d 866, 867 [2003], *lv denied* 2 NY3d 705 [2004]; *Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330 [1994]; *Matter of Vitali v City of New York,* 205 AD2d 636 [1994]). The speculative assertion of the petitioner's counsel, who lacked personal knowledge of the facts, that the respondent conducted an investigation of the accident, was insufficient to demonstrate that the respondent acquired actual notice of the facts constituting the claim (*see Matter of Embery v City of New York,* 250 AD2d 611 [1998]; *Seif v City of New York,* 218 AD2d 595, 597 [1995]).

Furthermore, the petitioner's assertions that he was unfamiliar with the statutory requirement for serving a timely notice of claim and that he did not speak English were unacceptable excuses for his failure to timely serve a notice of claim (*see Gilliam v City of New York,* 250 AD2d 680 [1998]; *Matter of Lamper v City of New York,* 215 AD2d 484 [1995]).

Finally, the petitioner failed to rebut the City's assertion that the delay prejudiced its ability to investigate and defend against the claim (*see Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409, 410 [2003]). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.