■ In the Matter of JANEL WHITE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (Matter No. 1.) JANEL WHITE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (Matter No. 2.) [831 NYS2d 515]—

In a proceeding pursuant to General Municipal Law § 50-e, inter alia, for leave to serve a late notice of claim and a related action to recover damages for personal injuries, the New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated January 9, 2006, which granted the petition for leave to serve a late notice of claim and denied its cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, the petition is denied, the cross motion to dismiss the complaint is granted, and the proceeding and the complaint are dismissed.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the New York City Housing Authority (hereinafter the NYCHA) (see General Municipal Law § 50-e [1] [a]; Public Housing Law § 157 [2]; Figueroa v New York City Hous. Auth., 271 AD2d 238 [2000]; Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 609-610 [2005]; Urena v New York City Health & Hosps. Corp., 35 AD3d 446 [2006]; Maxwell v City of New York, 29 AD3d 540 [2006]). The petitioner failed to serve her notice of claim within the statutory period, and her late service without leave of court was a nullity (see Maxwell v City of New York, supra; Santiago v City of New York, 294 AD2d 483 [2002]; Henry v Aguilar, 282 AD2d 711 [2001]). Therefore, the petitioner's attempt to amend that notice of claim is not permitted (see Henry v Aguilar, supra). Accordingly, the petitioner's purported amended notice of claim which is the subject of this proceeding can only be treated as a late notice of claim, as there is no previous valid notice of claim to amend (id.).

The Supreme Court improvidently exercised its discretion in granting that branch of the petitioner's application which was for leave to serve a late notice of claim. In determining whether leave to serve a late notice of claim should be granted, a court should consider, as key factors, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, whether the petitioner has demonstrated a reasonable

excuse for failing to serve a timely notice of claim, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Welch v New York City Hous. Auth.,* 7 AD3d 805 [2004]; *Matter of O'Neal v New York City Hous. Auth.,* 6 AD3d 445 [2004]; *Frith v New York City Hous. Auth.,* 4 AD3d 390, 391 [2004]). The petitioner failed to demonstrate that the NYCHA acquired actual knowledge of the facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, since the initial notice of claim served in this case made no mention of the allegedly defective condition and failed to specify the location of the accident with sufficient particularity (*see Anderson v City Univ. of N.Y. at Queens Coll.,* 8 AD3d 413 [2004]; *Matter of Pruden v New York City Bd. of Educ.,* 235 AD2d 426 [1997]; *Matter of Light v County of Nassau,* 187 AD2d 720, 721 [1992]; *Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601, 602 [1991]). Furthermore, the petitioner failed to demonstrate a reasonable excuse for her one-year delay in commencing this proceeding (*see Matter of Hunte v City of New York,* 284 AD2d 396, 397 [2001]; *Fee v County of Nassau,* 269 AD2d 489, 490 [2000]; *Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330, 331 [1994]). Finally, the petitioner failed to rebut the NYCHA's assertion that the delay prejudiced its ability to investigate and defend against the claim (*see Matter of Pico v City of New York,* 8 AD3d 287, 288 [2004]; *Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409, 410 [2003]).

Under the circumstances, the Supreme Court should have granted the NYCHA's cross motion to dismiss the complaint in the related action (*see Meehan v City of New York,* 295 AD2d 581, 582 [2002]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.