OPINION OF THE COURT
Joseph Farneti, J.
Ordered that this application by petitioner for an order, pursuant to General Municipal Law § 50-e (5), granting leave to serve a late notice of claim upon respondents, and deeming the notice of claim served with the instant application timely, is hereby denied for the reasons set forth hereinafter.
This is an action to recover for personal injuries allegedly sustained by petitioner on July 2, 2007 at approximately 12:00 p.m., when she fell into a water meter well while walking on her property located at 207 Dix Hills Road, Huntington Station, New York. Petitioner alleges that she was caused to fall due to a cover that was improperly affixed following a water meter reading on April 10, 2007, approximately three months earlier.
In support of the instant application, petitioner alleges that respondents received actual notice of the claim within 90 days thereof, as petitioner’s counsel sent a letter, addressed to the Water District, dated August 21, 2007, which set forth the nature of the claim, the date of the incident, the matter in which the claim arose, and the nature of the injuries sustained. Petitioner alerts the court that the Water District is a department within respondent Town, and therefore the Town also received actual notice of the claim via the August 21, 2007 letter. Petitioner has submitted a print out of the Town’s Web site which indicates that the Water District is a division within the Town’s Department of Engineering Services.
Petitioner argues that respondents will not be prejudiced by a late notice of claim as they received timely actual notice of the claim; the instant application was brought less than one month after the 90-day period expired; and the condition presently exists in the same condition as on the date of the accident. Petitioner contends that the delay in pursuing an action against respondents was due to her injuries and ongoing treatment.
*272 The Huntington Town Attorney has filed opposition to the instant application on behalf of the Town as well as the Water District, arguing that the Town did not receive actual notice of the claim as the letter of August 21, 2007 was merely sent to the Water District. The court notes that the Town Attorney is silent with respect to the creation and character of the entity known as the Water District, as well as the nature of the relationship between the Water District and the Town. Respondents allege that the letter did not provide actual notice of the claim as it incorrectly sets forth the date of the incident as July 2, 2002, not July 2, 2007. Further, respondents contend that they would be prejudiced as the condition of the water meter cover has changed since the alleged incident of July 2, 2007.
In determining whether to grant leave to serve a late notice of claim, a court should consider the following key factors: whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim; whether the municipality acquired actual notice of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (General Municipal Law § 50-e [5]; Matter of White v New York City Hous. Auth., 38 AD3d 675 [2007]; Matter of Welch v New York City Hous. Auth., 7 AD3d 805 [2004]; Matter of Pruden v New York City Bd. of Educ., 235 AD2d 426 [1997]). In determining whether to permit the filing of the late notice of claim, the presence or absence of any one factor is not determinative (Matter of Porcaro v City of New York, 20 AD3d 357 [2005]; Matter of Dubowy v City of New York, 305 AD2d 320 [2003]; Chattergoon v New York City Hous. Auth., 197 AD2d 397 [1993]). In Matter of Felice v Eastport/South Manor Cent. School Dist. (50 AD3d 138 [2008]), the Appellate Division emphasized that a municipality must have acquired actual knowledge of the essential facts constituting the claim, not merely knowledge of the incident.
“In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theo.ries themselves” (id. at 148).
As discussed, petitioner alleges that the Water District is a department of the Town. In response, the Town Attorney has *273 not indicated that the Water District is a separate entity. Therefore, on this record, the court concludes, based upon the Town’s own Web site and the fact that the Town Attorney has submitted opposition on behalf of both the Water District and Town, that the Water District is an improvement district within the Town. A town improvement district, such as the Water District here, is an administrative department of the town (Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie, 81 NY2d 574 [1993]). An improvement district is only a special administrative area within a town and is not an independent public corporate entity (Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1, 33 AD2d 720 [1969]; Village of Brock-port v County of Monroe Pure Waters Div., 75 AD2d 483 [1980], affd 54 NY2d 678 [1981]; Belinson v Sewer Dist. No. 16 of Town of Amherst, 65 AD2d 912 [1978]). “[A]ll town improvement districts, except certain districts established prior to April 8, 1932 and those governed by a board of commissioners pursuant to the provisions of a special act of the state legislature, are governed solely by the town board” (1988 Ops St Comp No. 88-25; Town Law § 61). Therefore, article 12 of the Town Law is applicable (Town Law § 190 et seq.), which sets forth the authority of a town board to establish a water district (Town Law § 190-a) and to administer such a district (Town Law § 190-g).
In view of the foregoing, the court concludes that the appropriate defendant is the Town, and that timely notice of claim was required to be served upon the Town, pursuant to Town Law § 67 and General Municipal Law § 50-e.
As such, the court must balance the aforementioned factors of General Municipal Law § 50-e (5) with respect to the Town. It is undisputed that the August 21, 2007 letter was only sent to the Water District. The letter was not sent to anyone authorized to accept service on behalf of the Town or to an attorney regularly engaged in representing such public corporation (see General Municipal Law § 50-e [3] [a]). In addition, there is no allegation of what, if anything, was done with the letter after it was presumably received by the Water District. Moreover, there is no evidence that the letter was received by a supervisor of the Water District with a duty to investigate the condition (see Levette v Triborough Bridge & Tunnel Auth., 207 AD2d 330 [1994]). The court notes that the letter was not addressed to any particular person within the Water District. Even if a person within the Water District acquired actual knowledge of the essential facts of the claim from the letter, such knowledge could not be *274 imputed to the Town itself (see Verizon N.Y., Inc. v City of New York, 26 AD3d 247 [2006]; Matter of Morrison v New York City Health & Hosps. Corp., 244 AD2d 487 [1997]; Matter of Calloway v City of N.Y. Hous. Auth., 219 AD2d 711 [1995]). Further, the letter itself is internally inconsistent as it indicates in the second paragraph that the incident occurred on July 2, 2002, yet in a prior section it indicates that the “DOL” was “7/2/07.” Accordingly, the letter does not satisfy petitioner’s burden of demonstrating that the Town acquired actual knowledge of the essential facts constituting the claim.
The court finds that the Town did not receive actual knowledge of the essential facts until the filing of the instant application, some four months after the alleged incident, and the Town has claimed prejudice as a result thereof. In addition, the court finds that petitioner has failed to demonstrate a reasonable excuse for the failure to timely serve notice of claim. Although petitioner claims that her injuries and ongoing treatment were the reason, she nevertheless was able to consult with counsel on or before August 21, 2007, well within the 90-day period. Further, petitioner has failed to submit any proof of her claimed infirmity, i.e., medical records or a physician’s sworn statement (see Matter of Papayannakos v Levittown Mem. Special Educ. Ctr., 38 AD3d 902 [2007]; Matter of Pope v City of New York, 282 AD2d 236 [2001]; Robertson v New York City Hous. Auth., 237 AD2d 501 [1997]). Therefore, after balancing the factors under General Municipal Law § 50-e (5), this application is denied.