OPINION OF THE COURT
Kenneth C. Holder, J.
The application by plaintiff Richard J. McCord, as trustee of the bankruptcy estate of Susan Elazm, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) is denied.*
On August 2, 2006 Susan Elazm was allegedly injured when she fell on a public sidewalk in front of 229 86th Street in Brooklyn. A notice of claim was not filed against the City of New York on her behalf until October 24, 2007. According to plaintiff, a recent search has revealed that the New York City Department of Environmental Protection (DEP) performed work at the subject location prior to the accident, thereby creating the allegedly defective condition. Given that “there can be no claim of lack of notice of the condition” created by the City and that the “potentially inculpatory evidence” was only recently discovered, plaintiff argues that leave to serve a notice of claim should be granted.
In opposition to the motion, the City points out that plaintiffs application has been brought one year and 88 days after the date of the alleged incident. The City asserts that plaintiff has not come forward with a reasonable excuse for his lengthy delay, nor has he met his burden of showing that the City acquired actual knowledge of the essential facts surrounding the claim within 90 days after the occurrence. The City faults plaintiff for waiting more than three months after receipt of the DEP records in seeking leave to file a late notice of claim. Moreover, the City contends that plaintiffs “bare assertions that the City created the condition are inadequate to establish actual notice of the essential facts constituting the claim.”
In reply, plaintiff notes that, upon the filing of a bankruptcy petition by Susan Elazm, “an automatic stay was in effect” and, *546 therefore, plaintiff “could not file a notice of claim on [her] behalf.” Subsequently, plaintiff applied to the Bankruptcy Court for permission to retain personal injury counsel and, by order dated March 20, 2007, his application was granted. Thereafter, counsel for plaintiff sought information regarding permits, complaints and inspection reports for the subject location from the DEP and a response was not received until June 20, 2007. Plaintiff maintains that “a notice of claim could not have been filed before the order was issued by the Bankruptcy Court [on March 20, 2007] permitting . . . [him] to proceed with the instant lawsuit” and that it was necessary for him to wait until June 20, 2007 for the response of the DEE
In its supplemental affirmation, the City argues that General Municipal Law § 50-e “does not provide for consideration of a claimant’s bankruptcy status when an application is made to file a late notice of claim.” Therefore, according to the City, no automatic stay was in effect. The City further notes that plaintiff could have filed a notice of claim prior to retaining counsel or obtaining the DEP’s records.
Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the City (see General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]). The law permits late service of a notice of claim by leave of court under some circumstances, provided, however, that the claimant moves for such relief, as here, within one year and 90 days of the date that the claim accrued (see Laroc v City of New York, 46 AD3d 760 [2007]). In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the municipality received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the relevant public authority in its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Groves v New York City Tr. Auth., 44 AD3d 856 [2007]). The bare assertion by plaintiff that the DEP created the defective condition at issue is insufficient to establish actual knowledge on the City’s part of the essential facts constituting the claim (see Leszczynska v City of New York, 207 AD2d 329 [1994]; Carbone v Town of Brookhaven, 176 AD2d 778 [1991]). Moreover, although plaintiff asserts that the delay was attributable to the circumstance that he was awaiting records in re *547 sponse to his Freedom of Information Law request, those records were not necessary to the composition and filing of a notice of claim. (See Potts v City of N.Y. Health & Hosps. Corp., 270 AD2d 129 [2000].) Further, because General Municipal Law § 50-e (2) permits a notice of claim to be sworn to by or on behalf of the claimant and does not require the claimant to be represented by an attorney, it was unnecessary for plaintiff to wait for the Bankruptcy Court to approve the retention of counsel in order to file the notice of claim.
Although plaintiff suggests that he was unable to file a notice of claim because an automatic stay was in effect, the language of 11 USC § 362 (a) confirms that the statute stays only proceedings against a “debtor” (see Kilmer v Flocar, Inc., 212 FRD 66 [2002]; 151-69 Nagle Ave. Assoc. v Jiminez, 147 Misc 2d 443 [1990]). “The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate” (Assoc. of St. Croix Condominium Owners v St. Croix Hotel Corp., 682 F2d 446, 448 [1982]). Therefore, plaintiffs time to file a notice of claim was not tolled. Accordingly, the motion by plaintiff is denied.

 On August 21, 2006, Susan Elazm filed for bankruptcy. Richard McCord is the chapter 7 trustee of her bankruptcy estate. According to the complaint, by operation of the United States Bankruptcy Code, “the personal injury action of Susan Elazm has passed to the bankruptcy estate.”