■ In the Matter of NATHAN BERKOWITZ, an Infant by His Guardian ad Litem, ESTHER BERKOWITZ, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered January 25, 1967, directing appellant MVAIC to accept the infant's claim, unanimously affirmed, without costs or disbursements. In October, 1966, more than three years after the filing with the appellant of a notice of intention to make claim by virtue of a disclaimer of liability (Insurance Law, § 608, subd. [c]), the appellant purported to *reiterate* its rejection of the claim on the grounds of late notice. If indeed the "original" notice of claim was filed some two days after the 10-day limitation period, a calculation based on conjecture by the appellant as to the date of mailing by the insurer of the disclaimer letter and the date of its receipt by the parents of the injured infant, the record nevertheless is devoid of proper or convincing proof that such alleged untimely filing was rejected by the appellant. In the absence of any rejection of the initial filing, the limitation apposite to initiation of a motion to compel acceptance of a claim is of course not applicable. Concur — Stevens, J. P., Eager, Steuer, Tilzer and Rabin, JJ.

■ In the Matter of EDWARD SHEPPARD, Petitioner, v. ROBERT MOSES et al., Constituting the Triborough Bridge and Tunnel Authority, Respondents.— Determination unanimously modified on the law and in the exercise of discretion to provide that the fine of $100 be paid forthwith. In so deciding we do not pass upon any issue of recoupment of the $588 found to be taken. As to the latter the Authority may take any lawful means it deems advisable, subject to petitioner's right to contest the same. As so modified the determination is confirmed, with $50 costs and disbursements to the respondents. Concur — Botein, P. J., Eager, Steuer, Tilzer and McNally, JJ.

■ MEDICAL WORLD PUBLISHING Co., INC., et al., Appellants, v. WILLIAM J. KAUFMAN et al., Respondents. WILLIAM J. KAUFMAN et al., Third-Party Plaintiffs, v. MCGRAW-HILL, INC., Third-Party Defendant.— Judgment dismissing the complaint, unanimously reversed, on the law, and the matter remanded in the exercise of discretion to the Trial Justice for the purpose of reopening the case and the taking of such other testimony or proof as the parties may desire to offer, and upon the close of the entire case to make findings of fact and conclusions of law, and to declare the rights of the parties as of the time of the conclusion of the trial, with $50 costs and disbursements to abide the event. This being an action for a declaratory judgment, the rights of the parties should have been declared. The mere dismissal of the complaint is not an affirmative declaration of the parties' rights. (See *Skyway Container Corp.* v. *Castagna*, 27 A D 2d 542; *Levy* v. *Westchester County*, 29 A D 2d 664.) Moreover, a declaration of their rights being required, in the circumstances it should be done only after defendant rests, and the case finally submitted. Concur — Eager, J. P., Capozzoli, McGivern, Rabin and McNally, JJ.