■ Tom Sawyer Motor Inns, Inc., Respondent-Appellant, v. Chemung County Sewer District No. 1 et al., Appellants-Respondents.— *Per Curiam.* Reargument of an appeal from a judgment of the Supreme Court, Chemung County, entered July 2, 1968 in Chemung County, against the defendants, Chemung County Sewer District No. 1 and the County of Chemung, upon a decision awarding plaintiff damages in an action brought to enjoin an alleged nuisance arising out of the operation of a newly constructed sewage treatment plant in proximity to plaintiff's hotel and restaurant, and for temporary and permanent damages. The award was for temporary damages to April 30, 1968. The court denied injunctive relief and declined, also, to award permanent damages; and plaintiff seeks only an increase in the amount of the award for temporary damages. For purposes of this appeal, the defendants concede the existence of the nuisance claimed. We ordered reargument (July 9, 1969) for consideration of (1) the legal status of the defendant Chemung County Sewer District No. 1; (2) the liability of the sewer district and defendant County of Chemung for maintenance of a nuisance in the operation of a sewage treatment plant; and (3) the application and effect of statutory requirements for the filing of a notice of claim, as respects defendant county and defendant sewer district. Appellant, Chemung County Sewer District No. 1 was established under article 5-B of the County Law (L. 1954, ch. 794) pursuant to a resolution adopted by the Board of Supervisors of the County of Chemung dated February 13, 1961. Although article 5-B of the County Law was repealed in 1963 and a new article 5-A was substituted therefor, a saving clause for districts formed under article 5-B of the County Law was adopted. (L. 1963, ch. 1018; L. 1964, ch. 751, § 11.) Section 261 of the County Law contained in article 5-A provides as follows: " When a county district shall have been established, the board of supervisors shall appoint, designate or establish an officer, board or body as the administrative head or body of the district. * * * The administrative head or body of one or more county districts shall be considered to be the administrative head or body of an administrative unit of county government. The title of such administrative head or body, if such functions are not conferred on an existing officer or body, and the name of such administrative unit, if the county district is made a separate administrative unit of county government, shall be prescribed by the board of supervisors, and such officer or body shall have all the power generally conferred on heads of administrative units by this chapter, not inconsistent with the provisions of this article, and shall

be subject to all of the duties imposed upon such heads by this chapter, not inconsistent with the provisions of this article." The Chemung County Board of Supervisors on April 10, 1961 established a Part County Sewer Administrative Board consisting of five members to administer the Chemung County Sewer District No. 1. The legal status of the Chemung County Sewer District No. 1 is that of an administrative unit of county government with all powers generally conferred on the heads of administrative units not inconsistent with the provisions of article 5-A of the County Law. It has been held that a town improvement district (which is similar to a county improvement district) is essentially and only "a special administrative area" and not a municipal corporation. (*Kenwell* v. *Lee*, 261 N. Y. 113, 117.) The powers conferred by statute on an administrative unit of a county government are not powers exercised by districts as if they were separate and independent governmental units. Such powers are subject to the overall control of the County Board of Supervisors, thus reinforcing the view that the County Sewer District is nothing more than an administrative unit of county government. (County Law, §§ 262, 264, 266, 268–271.) By reasons of the definitions set forth in section 3 of the General Corporation Law, Chemung County Sewer District No. 1 is neither a "municipal corporation" nor a "district corporation". Subdivision 3 defines a "district corporation" as including "any territorial division of the state, other than a municipal corporation, heretofore or hereafter established by law which possesses the power to contract indebtedness and levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments, whether or not such territorial division is expressly declared to be a body corporate and politic by the statute creating or authorizing the creation of such territorial division." Section 3 of article VIII of the New York State Constitution provides that after January 1, 1939 no districts, other than those enumerated therein, possessing the power to contract indebtedness and to levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments could be created; and further provides for the creation of county improvement districts if the county "shall pledge its * * * faith and credit for the payment of the principal of and interest on all indebtedness to be contracted for" district purposes. The County Law contains no provision empowering a county sewer district established thereunder to contract indebtedness in its own name and to levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments. Therefore, Chemung County Sewer District No. 1 is not a separate legal entity nor a body politic separate and apart from the municipal corporation, County of Chemung, and cannot be held to be a "district corporation". We find no basis for a judgment against the appellant Chemung County Sewer District No. 1 which is not suable at law since no statute defines it as any type of quasi-corporation. The function of the sewer district is solely an administrative one. (*People ex rel. Desiderio* v. *Conolly*, 238 N. Y. 326; *Berean* v. *Town of Lloyd*, 5 A D 2d 924.) Section 53 of the County Law provides that each county shall be liable for damage or injury "to person or property sustained by reason of the torts of its officers, agents, servants and employees". The appellant Chemung County Sewer District No. 1 is alleged to have committed a nuisance in the operation of its sewage treatment plant while in the performance of its functions, thereby causing damage to the respondent. The Chemung County Sewer District No. 1, as an administrative unit of Chemung County, was acting as an agency thereof and, under such circumstances, Chemung County is liable for the torts and the damages and injury to property caused by the alleged nuisance. Since Chemung County is the sole party liable to the

respondent for damages, if any, caused by the alleged nuisance, service of a notice of claim on the county pursuant to the provisions of section 50-e of the General Municipal Law was a prerequisite to the commencement of the cause of action. (County Law, § 52.) The complaint alleges that on June 8, 1966 plaintiff served on the defendants a written notice of its claim. The answer of Chemung County does not deny that respondent complied with section 50-e, and does not allege noncompliance as an affirmative defense and admits that the statutory requirements for the filing of a notice of claim have been met. It follows that the liability of Chemung County was established. The correct measure of damages was applied, that being "the diminution in usable value of the property". (*Hall Sons' Co.* v. *Sundstrom & Stratton Co.*, 138 App. Div. 548, 550, affd. 204 N. Y. 660; *Hangen* v. *Hachemeister*, 114 N. Y. 566; *Bates* v. *Holbrook*, 89 App. Div. 548; 13 N. Y. Jur., Damages, §§ 108, 109, 117.) However, we are not entirely satisfied with the proof in respect to the quantum of damage. Plaintiff's president, testifying as an expert as to certain periods, said that the increased competition would temporarily affect the business adversely about 15%. This was during the same period that the operation of the sewage treatment plant also caused the earnings to be depressed. It is unclear whether the witness was testifying as to 15% of the gross or net profits. A retrial is necessary to permit further development of this element of damage. The retrial will be confined to the issue of damages. (CPLR 4404, subd. [b].) Any damages to be awarded should be limited to a period of 90 days preceding the filing of the notice of claim. (County Law, § 52; General Municipal Law, § 50-e; *Fitzgerald* v. *City of Ogdensburg*, 284 App. Div. 767.) If it were possible to decide the case upon the record now before us we would, in so doing, delete, as a typical, the 1964 and 1965 figures utilized by the trial court in its computation; but we do not foreclose the utilization thereof by the trial court in the event further proof shall establish the relevance and propriety of the profit and loss statements for one or both of those years. Judgment reversed, on the law and the facts, without costs; complaint dismissed as to defendant sewer district; and a new trial limited to the issue of damages, ordered as against defendant Chemung County. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum *Per Curiam*.