■ SUSAN BELINSON, as Administratrix of the Estate of ROBERT L. BELINSON, Deceased, Respondent, v SEWER DISTRICT No. 16 OF THE TOWN OF AMHERST et al., Defendants. (Appeal No. 1.)—Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs commenced this action for the wrongful death and conscious pain and suffering of the decedents, Robert L. Belinson and Frank J. Lehman, against the Town of Amherst and the various named sewer and sanitary districts. Plaintiffs allege that the decedents were directed by their employer, the Town of Amherst Engineering Department, to check lift sewer stations serving the defendant sewer districts in the Town of Amherst. While performing this task, the decedents were overcome by fumes, fell in the water and drowned. In their answer the town and sewer districts denied responsibility for the incident and set forth the affirmative defense of workers' compensation as a bar. Plaintiffs moved to strike that portion of the sewer districts' answer that alleged workers' compensation as a defense and the motion was granted. Plaintiffs contend that the town and sewer districts are separate public corporations, that the sewer districts as a distinct corporation never had any employment relation to the decedents and therefore the defense of workers' compensation was properly dismissed. The legal status of the Town of Amherst sewer districts is that of an administrative department in the Town of Amherst and not that of an independent "district" corporation, as plaintiffs contend (see *Tom Sawyer Motor Inns v County of Chemung,* 33 AD2d 720, affd 32 NY2d 775). The function of the sewer districts is solely an administrative one. The sewer districts were not separate legal entities nor body politics separate and apart from the municipal corporation Town of Amherst. By virtue of the definitions set forth in article 2-A of the General Construction Law (see, also, General Corporation Law, § 3), the appellants sewer districts are neither municipal nor "district" corporations. A municipal corporation includes a county, city, town, village and school district (General Construction Law, § 66, subd 2). A "district" corporation includes any territorial division of the State, other than a municipal corporation which possesses the power to contract indebtedness and levy taxes or benefit assessments, whether or not such territorial division is expressly declared to be a body corporate and politic by the statute creating or authorizing the creation of such territorial division (General Construction Law, § 66, subd 3). Section 3 of article VIII of the New York State Constitution provides that after January 1, 1938, no district other than those enumerated (sewer districts are not included), possesses the power to contract indebtedness and

to levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments. Additionally, the town in which such district is located must pledge its full faith and credit for the payment of principal and interest on all indebtedness to be contracted for the purpose of such district. Therefore, plaintiffs' contention that the sewer district is a district corporation, a separate public corporation from a municipal corporation is refuted by the express words of the statutory provisions. The statutory scheme established for the creation and maintenance of a sewer district reinforces the view that the district is a mere department of town government and not an independent corporate entity. Section 198 of the Town Law provides that after a sewer district has been established, the town may lay out, open, design, construct, alter and maintain sanitary sewers, disposal plants or any necessary work connected to such operation for the benefit of any sewer district in said town. The town board pursuant to section 198 (subd 1, pars [b], [c], [f]) of the Town Law, may enter into contracts to carry out the above-enumerated functions. Additionally, the town board may adopt ordinances for the operation of the sewer districts and enforce compliance with such ordinances (Town Law, § 198, subd 1, par [g]). It may establish rates for the use of the sewer districts (Town Law, § 198, subd 1, pars [h], [i]). The town can charge for work performed for the benefit of an individual parcel within such unit (Town Law, § 198, subd 1, par [j]). Lastly, the town board is charged with the maintenance of the sewer district, although the expense of such maintenance is borne by the persons in the district benefiting from the use of such facilities (Town Law, § 202-a). The above-listed functions are illustrative of the powers the town boards possess with respect to the sewer district. Although the town board may provide for the election of district commissioners to carry out many of the above-enumerated functions (Town Law, §§ 210-216), the Town Board of Amherst has not chosen to do so. Moreover, the powers conferred by statutes on the district commissioner are not powers exercised as if they were separate and independent governmental units (see Town Law, §§ 215-216). Such powers are merely administrative in nature *(Tom Sawyer Motor Inns v County of Chemung,* 33 AD2d 720, 721, affd 32 NY2d 775, *supra).* It is clear from the enacted legislative scheme that the sewer districts are mere departments of the town and are not independent corporations which have an existence separate from the Town of Amherst. Section 11 of the Workers' Compensation Law mandates that workers' compensation shall be the exclusive remedy in place of any other liability whatsoever, to an employee, his personal representatives, or any other person entitled to recover damages, at common law or otherwise, on account of injury or death if occurring within the scope of his employment. Having found that the Town of Amherst and the various named sewer districts are one and the same, workers' compensation was properly interposed as a defense to plaintiffs' causes of action by defendants sewer districts. While in the answering affidavit of defendants' attorney he asked that the plaintiffs' complaints be stricken upon the ground that the actions are barred by the Workers' Compensation Law, no application was made for summary judgment. Such relief could not be granted in the absence of a proper application to the court but may be the subject of a later application (CPLR 3211, subd [c]). (Appeal from order of Erie Supreme Court—strike affirmative defense.) Present—Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.