## (April 20, 1981)

■ BALBOA INSURANCE COMPANY, Appellant, v BERLAND LINCOLN-MERCURY, INC., et al., Respondents, et al., Defendants. — In an action to declare that defendant Berland Lincoln-Mercury, Inc., breached the co-operation clause of a policy of liability insurance issued by plaintiff, so as to warrant disclaimer by plaintiff, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered June 16, 1980, which dismissed the complaint after a nonjury trial. Judgment modified, on the law, by deleting the provision thereof which dismissed the complaint and substituting therefor a provision declaring that plaintiff must perform its obligation pursuant to the insurance policy issued January 1, 1976 and defend and pay (within the policy limits) any judgment that may result from the underlying suit brought by Marshall Giangoia against Berland Lincoln-Mercury and the driver of Berland's vehicle. As so modified, judgment affirmed, with one bill of costs to the respondents. While we agree with Trial Term's findings, it was improper procedure to dismiss the complaint. "This being an action for a declaratory judgment, the rights of the parties should have been declared. The mere dismissal of the complaint is not an affirmative declaration of the parties' rights" (Medical World Pub. Co. v Kaufman, 29 AD2d 859; CPLR 3001; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3001:22, p 372). Hopkins, J. P., Lazer, Gibbons and Cohalan, JJ., concur.