■ LOUIS RAFFONE, Appellant, v TOWN OF ISLIP et al., Respondents. — In an action to declare a certain resolution of the defendant Town of Islip to be unconstitutional and void and to enjoin defendants from imposing any tax or levy against the taxpayers of the Town of Islip because of it, plaintiff appeals from an order of the Supreme Court, Suffolk County (Aspland, J.), dated October 16, 1980, granting defendants' motion for summary judgment dismissing the complaint. Order modified, on the law, by deleting the provision dismissing the complaint in its entirety and substituting therefor a provision declaring that the resolution does not constitute a double taxation and otherwise dismissing the complaint. As so modified, order affirmed, with $50 costs and disbursements to defendants. On April 17, 1979, the defendant Town Board of the Town of Islip adopted a resolution pursuant to subdivision 3 of section 209-e of the Town Law. This resolution approved the establishment of an ambulance district, subject to a permissive referendum. In May, 1979 plaintiff commenced the instant action to declare this resolution unconstitutional and void, and to enjoin defendants from enforcing it or imposing any tax levy against the taxpayers of the Town of Islip resulting therefrom. The complaint alleged that the resolution necessarily includes the imposition of an additional tax or levy upon plaintiff in addition to other taxes previously imposed, and that the application of the resolution results in double taxation. Plaintiff alleges that if indeed any need exists for additional ambulance

service, this need could be satisfied by increasing the funds to the fire departments, which already provide an ambulance service on a volunteer basis. Defendants moved for summary judgment on various grounds, only one of which was ruled upon at Special Term. That court dismissed the complaint upon a finding that no duplicative taxation is present. We agree with the finding, for the reasons indicated herein. The town argues that there can be no double taxation because ambulance districts as well as fire districts are municipal entities apart from the town. This characterization of the status of the districts is not technically correct. A fire district is a "district corporation" (Town Law, § 174, subd 6), "which possesses the power to contract indebtedness and levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments" (General Construction Law, § 66, subd 3; see, also, NY Const, art VIII, § 3; Town Law, § 181). An ambulance district, in contrast, is an improvement district (see Town Law, § 209-a, as supplemented, e.g., by L 1978, ch 696, § 1), which is only a " 'special administrative area' " and not a municipal corporation (*Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1,* 33 AD2d 720, 721, affd 32 NY2d 775; *Bellinson v Sewer Dist. No. 16 of Town of Amherst,* 65 AD2d 912; General Construction Law, § 66, subd 2). Nor is an improvement district a district corporation, for the former is constitutionally without power to levy taxes or assessments or to require the levy of taxes or assessments (NY Const, art VIII, § 3; General Construction Law, § 66, subd 3). Thus, the ambulance district is not a municipal entity apart from the Town of Islip. This having been stated, we do not find any impermissible double taxation present. The State Legislature, in enacting the enabling legislation by which ambulance districts could be created by the Town of Islip (Town Law, § 209-a, as supplemented by L 1978, ch 696, §§ 1, 2), was free to determine that certain areas of the State might need more ambulance services than could be provided by the voluntary services of the fire departments. The Islip Town Board, during the course of its legislative proceedings, made findings of fact that certain areas of the town do not have an adequate quantity of ambulance service available to them. The creation of an improvement district by the town board is a legislative act as to which the board has absolute discretion so long as it acts within its powers (see *Matter of Village of Hewlett Harbor v County of Nassau,* 272 App Div 1065; *Matter of Lent v Town Bd. of Town of Hempstead,* 8 Misc 2d 184; *Campbell v Nassau County,* 192 Misc 821). The town acted pursuant to its enabling legislation (Town Law, § 209-a, as supplemented by L 1978, ch 696, §§ 1, 2), and plaintiff cannot be heard to complain that the ambulance district is unnecessary. Since the new ambulance district provides additional service to the public, there is no double taxation involved. One alleging the unconstitutionality of an otherwise validly enacted ordinance has the burden of establishing unconstitutionality beyond a reasonable doubt (see *Wiggins v Town of Somers,* 4 NY2d 215). This burden was not met by plaintiff. It was, however, improper procedure to dismiss the complaint. "This being an action for a declaratory judgment, the rights of the parties should have been declared. The mere dismissal of the complaint is not an affirmative declaration of the parties' rights" (see *Medical World Pub. Co. v Kaufman,* 29 AD2d 859; CPLR 3001; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:22, p 372). Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.