■ NIAGARA COUNTY SEWER DISTRICT No. 1 et al., Appellants, v TOWN OF NIAGARA, Respondent. [626 NYS2d 630] —Order unanimously reversed on the law without costs, motion granted, cross motion denied, complaint reinstated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: On May 24, 1971, plaintiffs, County of Niagara and Niagara County Sewer District No. 1 (District), and defendant, Town of Niagara (Town), entered into an agreement to construct sewer facilities to be operated by the District. Paragraph 6 of the agreement provided that the Town would pay its pro rata share of the actual costs of the initial construction of the District facilities. Paragraph 7 provided that the Town would pay its pro rata share for the use of the District facilities. Paragraph 8 provided:

"[Town of] Niagara agrees to pay its pro-rata share in the increase of cost of any future improvements in connection with the sewage treatment plant and facilities and appurtenances to be made by the District in the same manner and the same extent as the Town Districts within the County District.

"The County District shall promptly notify the Town of Niagara of any order or mandate by the United States or New York State Governments or agencies thereof having jurisdiction concerning the addition or improvements to the County District treatment facilities so that the Town of Niagara can be represented in any matters pertaining thereto." The term of the contract was 40 years.

In 1991 the District billed the Town for its pro rata share of

the District costs. That bill contained charges for capital projects, including renovations to the District Tonawanda Creek pump station in the Town of Pendleton and construction of interceptor sewers in the Towns of Pendleton and Cambria. The Town refused to pay that portion of the bill and the District commenced this action for breach of contract. In its answer the Town asserted that paragraph 8 of the agreement does not require it to pay for those capital expenditures. The District moved for summary judgment based on the language in paragraph 8 of the agreement, and the Town cross-moved for summary judgment. Supreme Court denied the District's motion and granted the Town's cross motion. That was error.

Generally, it is the responsibility of the court to interpret written instruments *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). In interpreting agreements, words and phrases should be given their plain meanings, and the court should not rewrite unambiguous agreements *(American Express Bank v Uniroyal, Inc.,* 164 AD2d 275, 277, *lv denied* 77 NY2d 807; *Mazzola v County of Suffolk,* 143 AD2d 734, 735).

The plain language of paragraph 8 of the agreement requires the Town to pay its pro rata share of the costs of any future improvements. The plain meaning of the term "improvements" encompasses any betterments, changes or additions to the District that would result in an increase in value *(see,* Webster's Third New International Dictionary 1138 [1986]). Unquestionably, renovating the pump station and building interceptors would result in the betterment of the District. Moreover, contrary to the contention of the Town, paragraph 8 does not require the Town to pay for improvements only to the sewage treatment plant. The language in that paragraph states that the Town's pro rata share includes not only the costs of improvements to the plant, but also improvements to "facilities and appurtenances to be made by the District." Indeed, under the Town's interpretation, the Town would not be required to pay its pro rata share of the costs of improvements to the District interceptor or other facilities that directly benefit it. Because the capital projects constitute improvements in District facilities, the Town is required to pay its pro rata share of the costs of those improvements in the same manner and to the same extent as the other District members. The matter is, therefore, remitted to Supreme Court to grant judgment in favor of plaintiffs.

(Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Lawton, J. P., Wesley, Callahan and Davis, JJ.