[826 NYS2d 659]

Jericho Water District, Appellant, v One Call Users Council, Inc., et al., Respondents.

Second Department, December 12, 2006

**APPEARANCES OF COUNSEL**

*Carman, Callahan & Ingham, LLP*, Farmingdale (*Michael F. Ingham* of counsel), for appellant.

*Wilder & Linneball, LLP*, Buffalo (*Laura A. Linneball* and *Christopher S. Nickson* of counsel), for respondents.

**OPINION OF THE COURT**

PRUDENTI, P.J.

The Legislature has exempted certain operators of underground facilities, including "municipalities," from contributing to the costs of operating a mandatory "one-call notification system," but the statute granting the exemption does not define the term "municipalities." The issue presented in this case is whether the plaintiff town improvement district is a "municipality" within the meaning of the statute, and thus exempt from the one-call notification system's membership fee. We conclude that the context in which the statutory term "municipalities" appears and the fundamental purpose served by the statute indicate that the plaintiff is among the entities that the Legislature intended to treat as "municipalities" for purposes of the fee exemption.

In 1974 the Legislature responded to an increasing incidence of excavation-related accidents by enacting article 36 of the General Business Law. To prevent the personal injuries and property damage that resulted when excavation equipment came into contact with underground facilities such as gas, electric, and water lines, General Business Law article 36 required every local governing body in New York to create a central registry containing the names of all operators of underground facilities within the governing body's geographical jurisdiction. Before commencing any excavation or demolition work, excavators were required to obtain the local central registry list, contact all operators on the list, and wait for each operator to mark its underground facilities or confirm the absence of any such facilities at the excavation site.

Subsequently, private utility companies developed one-call notification systems, which allowed excavators to obtain a mark-out of all of the participating operators' underground cables, pipes, and other facilities located at the site of a proposed excavation by making a single telephone call. Four such notification systems (eventually consolidated into two) were created in New York. Each one-call notification system is a not-for-profit corporation, which collects membership fees from its participating operators.

In 1994 the Legislature amended General Business Law article 36 to eliminate the central registry requirement, and instead mandate that every operator of underground facilities "participate in and be responsible for the administration of a one-call notification system" (General Business Law § 761 [1]). Article 36 provides that the costs of operating the one-call notification system are to be borne by its members, "with the exception of municipalities and authorities that operate underground facilities and any operator of underground facilities that provides water service to less than four thousand customers" (General Business Law § 761 [3]).

The plaintiff, Jericho Water District (hereinafter JWD), is a town improvement district with independently elected commissioners, which operates underground water facilities in the Town of Oyster Bay. JWD applied for membership in the defendant One Call Users Council, Inc., also known as New York City & Long Island One Call/Dig Safely, Inc., a one-call notification system administered by the defendant One Call Systems, Inc., and sought an exemption from the system's membership fee, as a "municipality," pursuant to General Business Law § 761 (3). The defendants took the position that JWD was not entitled to participate in the one-call notification system without paying a membership fee.

JWD commenced this action for a judgment declaring that it is a "municipality" within the meaning of General Business Law § 761 (3) and, therefore, exempt from contributing to the costs of the one-call notification system. The Supreme Court denied JWD's motion for summary judgment and, in effect, granted that branch of the defendants' cross motion which was for summary judgment, determining that JWD was not a "municipality" within the meaning of General Business Law § 761 (3) and, therefore, not entitled to an exemption from the membership fee. JWD appeals.

The term "municipalities" is not defined in General Business Law § 761, and no New York statute contains a universally ap-

plicable definition of that term. The term "municipality" appears in dozens of statutes, and many of those statutes contain their own definition of the term. While some statutes limit the definition of "municipality" to counties, cities, towns, and villages (*see e.g.* ECL 15-1301 [3]; General Business Law § 780 [4]; General City Law § 20-g [3] [a]; General Municipal Law § 239-h [2]; Town Law § 284 [3] [a]; *see also* Executive Law § 155-a [4] [for purposes of Executive Law art 6-C, " '(m)unicipalities' shall mean municipal corporations"]), other statutes define the term much more broadly. Indeed, some statutes expressly include town improvement districts in their definition of "municipality" (*see e.g.* ECL 17-1903 [1] [d]; 51-0101 [6]; General Municipal Law § 77-b [1] [a]; PRHPL 1.03 [7]; Public Authorities Law § 1115-a [13]; Public Health Law § 1160 [9]). The definition of the term varies widely from statute to statute, depending on the purpose served by the legislation. There are statutes defining "municipality" to include such diverse entities as fire districts (*see e.g.* County Law § 227 [2]), public libraries (*see e.g.* General Municipal Law § 77-b [1] [a]), boards of cooperative educational services (*see e.g.* Energy Law § 9-102 [2]), Indian nations or tribes (*see e.g.* Public Health Law § 1160 [9]), and even public authorities (*see e.g.* County Law § 227 [2]; Public Health Law § 1160 [9]).

In determining that JWD is not a "municipality" for purposes of the fee exemption, the Supreme Court relied on General Construction Law § 66 (2), which defines "municipal corporation" as including "a county, city, town, village and school district." The terms "municipalities" and "municipal corporation[s]," however, are not necessarily interchangeable. It is not appropriate to look to the definition of "municipal corporation" (appearing in an article of the General Construction Law entitled "Classification of Corporations and Definitions") to discern the meaning of the term "municipalities," while disregarding the numerous New York statutes that define "municipality."

As illustrated by the examples cited above, the term "municipality," for purposes of any given statute, may include town improvement districts, or it may not. Our dissenting colleague reasons that JWD is not a "municipality" within the meaning of General Business Law § 761 (3) because the Legislature did not include in that statute, as it did in certain other statutes, a definition of "municipalities" that explicitly includes town improvement districts. The difficulty with that approach is that

it appears to indulge a presumption that the term "municipalities" does not include town improvement districts. In our view, given the many different definitions of the term that appear in the statutes of this State, no such presumption is warranted. The dissent's assertion that the adoption of a more expansive definition of "municipalities" (one which includes town improvement districts) is better left for consideration by the Legislature and its lawmaking powers itself reflects a choice to assign a specific meaning to the term "municipalities" (one which does not include town improvement districts)—merely one possible meaning among the many that the Legislature has adopted.

In exercising its lawmaking powers, the Legislature used the term "municipalities" in General Business Law § 761 (3) without defining it. Where such an ambiguity exists in a statute, it becomes this Court's duty to construe the statute, as best it can, to effectuate the Legislature's intent (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]; *Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003] ["The primary goal of the court in interpreting a statute is to determine and implement the Legislature's intent"]). Without a statutory definition of the term "municipalities" as specifically used in General Business Law § 761 (3), or a universally applicable statutory definition of that term, the only interpretive guideposts available to this Court are the context in which the term appears, the legislative history of the statute, and the Legislature's underlying purpose in enacting the statute (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 96, 98 [a]; §§ 124, 235; *Riley v County of Broome*, 95 NY2d 455, 463-464 [2000]; *Matter of Albano v Kirby*, 36 NY2d 526, 529-531 [1975]).

The legislative history of General Business Law § 761 reveals only that the fee exemption was designed "[t]o facilitate the participation [in the one-call notification system] of municipalities, including New York City, that operate water, sewer and traffic control systems and of small water companies with limited resources" (Mem of Assembly Rules Comm, L 1994, ch 685, 1994 NY Legis Ann, at 501). Of course, the fact that the Legislature understood the term "municipalities" to include New York City does not shed any light on the issue of whether that term also includes town improvement districts. The above-quoted statement does, however, indicate that the fee exemption was viewed as "facilitat[ing] the participation" of, inter alia,

small entities with "limited resources," which supports the proposition that General Business Law § 761 (3) was designed to place the burden of funding the one-call notification system upon entities with ample resources.

Thus, it is clear from the text and legislative history of General Business Law § 761 (3) that the statute's basic objective is to exempt certain entities—"municipalities," "authorities," and small private water companies—from the obligation of financing the one-call notification system. What those entities have in common is their relatively limited resources, and the defendants do not deny that JWD shares that attribute. The characteristics that differentiate a water district from a city or town are simply not relevant in this context. What really matters is that JWD is a public entity. It would be incongruous for the Legislature to require a governmental entity like JWD to pay the one-call notification system membership fee, while granting an exemption from the fee requirement, not only to other governmental entities, but also to authorities, which are quasi-governmental entities (*see Matter of Rogers v New York City Tr. Auth.*, 89 NY2d 692, 699 [1997]; *MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth.*, 104 AD2d 139, 141 [1984]). The statute as construed by the Supreme Court and the dissent would place JWD in the same category as large monopolies and other private, profit-making entities, and not in the same category as counties, cities, towns, villages, authorities, and small companies that operate underground water facilities. The Legislature had no reason to contrive such an odd pattern. In the absence of a statutory definition of the term "municipalities," we must avoid ascribing a meaning to that term that is inconsistent with the statute's underlying purpose and would produce unreasonable results (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 96, 143).

Our dissenting colleague credits the defendants' argument that our interpretation of the statute will result in a "reallocation" of the costs of operating the one-call notification system from the taxpayers served by JWD to the ratepayers served by private utility companies. Aside from the fact that such an allocation of costs is a product of the Legislature's intent as we understand it, we are not convinced by the defendants' submissions on this issue that the utility bills of residents not served by JWD would increase by more than a de minimis amount.

In response to JWD's argument that it is an independent legal entity, the defendants cite cases which, to some extent,

support the proposition that JWD is subordinate to the Town of Oyster Bay, and not a "full-blown independent governmental unit" with a separate legal existence from the Town (*Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie*, 81 NY2d 574, 582 [1993]; *see Kenwell v Lee*, 261 NY 113 [1933]; *Raffone v Town of Islip*, 85 AD2d 597 [1981]; *Belinson v Sewer Dist. No. 16 of Town of Amherst*, 65 AD2d 912 [1978]; *Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1*, 33 AD2d 720 [1969]). It does not follow, however, that JWD's alleged subordinate status subjects it to the payment of the one-call notification system membership fee. The pertinent issue is not whether JWD has an existence independent of the Town's, but simply whether JWD is a "municipalit[y] . . . that operate[s] underground facilities," within the meaning of General Business Law § 761 (3).

Admittedly, the Court of Appeals has stated, in a different context, that "[w]hile a water district, for the special objects of certain statutes, has been included as a matter of convenient reference within the terms 'municipal corporation' or 'municipality', it is essentially and only 'a special administrative area' " (*Kenwell v Lee, supra* at 117). It appears, however, that General Business Law § 761 (3) is indeed one of those statutes in which the Legislature has used the term "municipalities," as a matter of convenient reference, to mean all governmental entities, including town improvement districts. Rather than attempting to identify every kind of governmental entity "that operate[s] underground facilities," the Legislature used the term "municipalities," in a generic sense, to refer to all governmental entities that operate underground facilities.

For the foregoing reasons, JWD is entitled to a judgment declaring that it is a "municipality" for purposes of General Business Law § 761 (3) and, therefore, exempt from the one-call notification system's fee requirement. Accordingly, the order is reversed insofar as appealed from, on the law, the motion is granted, that branch of the cross motion which was for summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the plaintiff is a "municipality" within the meaning of General Business Law § 761 (3) and, therefore, exempt from contributing to the costs of operating the one-call notification system.

Rivera, J. (dissenting). The primary issue presented on this

appeal is whether the Legislature intended to exempt the plaintiff, Jericho Water District (hereinafter JWD), a town improvement district, from contributing to the operating costs of a "one-call notification system." According to JWD, it is a "municipality" within the meaning of General Business Law § 761 (3) and, thus, exempt from the payment of these operating costs. The majority agrees with JWD's position. For the reasons that follow, I respectfully dissent.

In 1994 the Legislature amended General Business Law article 36 to mandate that every operator of underground facilities participate in and be responsible for the establishment of a one-call notification system. The one-call notification system is a method by which excavators notify operators of underground facilities in an excavation area so that operators have the opportunity to identify and locate the underground facilities prior to excavation, in order to prevent damage to the underground facilities (*see* L 1994, ch 685, § 4; General Business Law § 761 [1]).

JWD commenced this action, inter alia, seeking a judgment declaring that it is a "municipality" within the meaning of General Business Law § 761 (3) and, thus, is exempt from contributing to the operating costs of the one-call notification system. The Supreme Court denied its motion for summary judgment and granted that branch of the defendants' cross motion which was for summary judgment, determining that JWD is not a "municipality" within the meaning of General Business Law § 761 (3) and, therefore, not exempt from contributing to the operating costs of the one-call notification system.

The starting point of this analysis must be with the plain meaning of the statutory language, since the statutory text is "the 'clearest indicator of legislative intent' " (*Ragucci v Professional Constr. Servs.*, 25 AD3d 43, 47 [2005], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Bluebird Partners v First Fid. Bank*, 97 NY2d 456, 460-461 [2002]; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]; *People v M&H Used Auto Parts & Cars, Inc.*, 22 AD3d 135, 142 [2005]).

General Business Law § 761 (3) provides:

> "Costs. The costs of operating the [one-call notification] system shall be apportioned equitably among the members of the system, with the exception of municipalities and authorities that operate under-

ground facilities and any operator of underground facilities that provides water service to less than four thousand customers. In apportioning such costs, the system shall take into account the number of customers, extent of underground facilities and frequency of use."

The Legislature may, in enacting a law, define the terms used therein, and ordinarily these definitions determine the construction of the terms (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 75 [b]). Section 761 (3) appears in article 36 of the General Business Law. Although as will be addressed below, several relevant terms used in article 36 are defined in section 760 of the General Business Law, the term "municipalities" is not defined therein.

Fundamental principles of statutory construction permit a court to utilize the provisions of the General Construction Law for the purpose of defining a term (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 75 [b]). General Construction Law § 110 provides that "[t]his chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." Here, the Supreme Court turned to the General Construction Law for assistance in defining "municipalities." Significantly, the definition of "municipalities" is not contained in the General Construction Law.

The Supreme Court utilized the definition of "municipal corporation" included in General Construction Law § 66 (2), which provides that a "municipal corporation" includes "a county, city, town, village and school district." General Construction Law § 66 (2) *does not* include a water district or a town improvement district in its definition of "municipal corporation." Thus, the Supreme Court concluded that JWD could not avail itself of the benefit of the exception contained in General Business Law § 761 (3).

As recognized by the majority, the Supreme Court erroneously utilized the definition of "municipal corporation" contained in the General Construction Law. General Business Law § 761 (3) contains the term "municipalities," *not* "municipal corporation." "[N]ew language cannot be imported into a statute to give it a meaning not otherwise found therein" (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 94, at 190). This is precisely what the Supreme Court did herein when it

substituted one term for the other. Notwithstanding this error in the Supreme Court's reasoning, the Supreme Court correctly determined that JWD is not a "municipality."

The court must read and give effect to the subject statute as it is written by the Legislature (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 73, 92 [a]). The legislative history reveals that in order "[t]o facilitate the participation of municipalities, including New York City, that operate water, sewer and traffic control systems and of small water companies with limited resources," the statute was enacted so as to exempt same from payment of fees (Mem of Dept of Public Serv, 1994 McKinney's Session Laws of NY, at 2809-2810; Mem of Assembly Rules Comm, 1994 NY Legis Ann, at 501). Exceptions must be strictly construed in order that the major policy underlying the legislation itself is not defeated (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 213).

"The language of a statute is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction" (McKinney's Cons Laws of NY, Book 1, Statutes § 94, at 191). Although the subject statute does not define "municipalities," it is beyond cavil that our everyday understanding of the term "municipalities" encompasses a county, city, town, or village. Beyond this commonsense understanding of the term "municipalities," further definitional expansion is speculative, absent express legislative intent and/or specific definitional inclusion in the statutory language.

There are many statutes which utilize and/or define the term "municipality." I disagree with JWD's rationalization that "[b]ecause the word 'municipality' has been defined differently in over 100 separate statutes . . . the word is a generic term with no inherent limitation." In circumstances where the Legislature has intended for a municipality to include improvement districts, it has clearly provided for same (*see e.g.* General Municipal Law § 77-b [1] [a]; ECL 17-1903 [1] [d]; 17-1907 [1] [e]; 17-1909 [1] [h]; 51-0101 [6]; 51-0503 [3]; 52-0101 [15]). In other statutes, the Legislature has not included an improvement district in its definition of "municipality" (*see e.g.* ECL 15-1301 [3]; General Business Law § 780 [4]). I cannot presume that the Legislature meant or had in mind one definition or another to apply herein. If the Legislature had intended the result proposed by JWD, it could have expressly provided that town improvement districts fall within and be defined under the municipality exemption. "Words will not be expanded so as to

enlarge their meaning to something which the Legislature could easily have expressed but did not" (McKinney's Cons Laws of NY, Book 1, Statutes § 94, at 194). Even accepting the majority's determination that JWD is a public or governmental entity, it does not necessarily follow that it qualifies as a "municipality" for purposes of the statute.

Absent a clear indication in the legislative history underlying the enactment of General Business Law § 761 (3) that the Legislature intended to include a water district, such as JWD, in its definition of "municipalities," the determination to adopt or enlarge the definition of "municipalities" to include a town improvement district, properly lies with, and is better left for consideration by, the Legislature and its lawmaking powers.

In any event, it appears that when drafting the subject statute the Legislature *did* consider water districts, but intended to exempt *only* those that provide water services to less than 4,000 customers. Examination of the language of General Business Law § 761 (3), unequivocally identifies three categories of entities which the Legislature expressly exempted from shouldering the costs of operating the one-call notification system: (1) municipalities that operate underground facilities; (2) authorities that operate underground facilities; and (3) any operator of underground facilities that provide water service to less than 4,000 customers. While JWD is insistent on qualifying under the first exemption, (i.e., municipalities that operate underground facilities), it is eminently clear that JWD is an "operator" of underground facilities that provide water service, albeit one that supplies 4,000 or more customers. The Legislature defined "[o]perator" to mean "a person who operates an underground facility or facilities to furnish . . . water" (General Business Law § 760 [6]). "Person" includes, inter alia, an "individual, firm, corporation" as well as a "governmental unit or public authority whether or not incorporated" (General Business Law § 760 [1]). Thus, as per the plain meaning of the statutory text, operators of underground facilities, such as JWD, which provide water service to 4,000 or more customers do not qualify for that exemption. In contrast, operators which, unlike JWD, service less than 4,000 customers are specifically exempt.

The outcome propounded by the majority in this case will have significant precedential consequences. Other water districts that service 4,000 or more customers will likely seek exemptions under the "municipalities" prong of the statute. This will result in the reallocation of costs previously borne by

those water districts to the nonexempt members of the system. In a practical sense, those costs will eventually be passed onto the taxpayers. The economic and policy implications of this result are within the Legislature's purview to address. Let the Legislature, not the Judiciary, expand the term "municipalities," if it deems it appropriate, to include entities such as JWD.

Accordingly, for the foregoing reasons, I would affirm the order insofar as appealed from, determining that JWD is not a "municipality" within the meaning of General Business Law § 761 (3) and, therefore, not exempt from contributing to the operating costs of the one-call notification system.

ADAMS and LIFSON, JJ., concur with PRUDENTI, P.J.; RIVERA, J., dissents and votes to affirm the order insofar as appealed from in a separate opinion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, that branch of the cross motion which was for summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the plaintiff is a "municipality" within the meaning of General Business Law § 761 (3) and, therefore, exempt from contributing to the costs of operating the one-call notification system.

Motion by the respondents on an appeal from an order of the Supreme Court, Nassau County, entered October 1, 2004, to strike stated portions of the appellant's reply brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated November 15, 2005, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is ordered that the motion is denied.