■ WEDGEWOOD CARE CENTER, INC., Doing Business as HIGHFIELD GARDENS CARE CENTER, Appellant-Respondent, v HEMDA SASSOUNI, Defendant, and BEN YOUDIM, Respondent-Appellant. [891 NYS2d 434]—

The defendant Ben Youdim (hereinafter the defendant) was the son-in-law of Eliahou Beroukhim. Prior to Beroukhim's death in early 2005, he had been a resident of the plaintiff Wedgewood Care Center, Inc., doing business as Highfield Gardens Care Center (hereinafter Wedgewood), from on or about May 9, 2003 until on or about January 1, 2005. At some point after Beroukhim was admitted to Wedgewood, the defendant signed an admission agreement as the designated representative of Beroukhim. The admission agreement required, inter alia, that the defendant provide Wedgewood with all relevant information and documentation regarding all potential third-party payors, and that he timely apply and meet the requirements of third-party payors, including Medicaid. The admission agreement also provided that the defendant could be held personally liable if any acts or omissions on his part caused or contributed to the nonpayment of Wedgewood's fees. The admission agreement explicitly stated that the execution of the agreement did not serve as a third-party guarantee of payment, which is prohibited by law (see 42 USC § 1396r [c] [5] [A] [ii]).

On August 3, 2004 the Nassau County Department of Social Services denied the Medicaid application submitted on behalf on Beroukhim. The grounds for the denial were the failure to verify

and document large withdrawals from Beroukhim's bank account in 2003 and the failure to provide certain mutual fund statements. Although a subsequent application was granted awarding benefits retroactive to April 2004, Wedgewood sustained a shortfall in payment of approximately $61,000. Wedgewood commenced this action against, among others, the defendant. The complaint asserted one cause of action against the defendant alleging that he breached his obligations under the admission agreement and that Wedgewood had sustained damages as a result.

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. While the defendant, by submitting his deposition testimony, a supporting affidavit, and the deposition testimony of Wedgewood's Medicaid Coordinator, established prima facie that he had complied with the admission agreement and was entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), in opposition, Wedgewood raised triable issues of fact. Specifically, the evidence proffered by Wedgewood, including an affidavit from its Medicaid Coordinator and a copy of the Nassau County Department of Social Services denial of Medicaid benefits, raised triable issues regarding whether the defendant breached his obligations under the admission agreement by failing to provide requested information and documentation concerning Beroukhim's finances, particularly information regarding certain transfers of funds that were made in 2003. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. As Wedgewood's action was not frivolous, the Supreme Court properly denied that branch of the defendant's motion which was to impose sanctions upon Wedgewood (*see* 22 NYCRR 130-1.1 [c]; CPLR 8303-a).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.