■ ANDREWS, PUSATERI, BRANDT, SHOEMAKER & ROBERSON, P.C., et al., Appellants, v NIAGARA COUNTY SEWER DISTRICT No. 1 et al., Respondents. [897 NYS2d 809]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 21, 2008 in a breach of contract action. The order granted defendants' motion seeking, inter alia, to dismiss the complaint, dismissed plaintiffs' motion for summary judgment, and denied plaintiffs' request for sanctions.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for breach of contract and unjust enrichment based on defendants' alleged failure to pay for legal services rendered by plaintiffs. Defendant County of Niagara (County) thereafter served an unverified answer that purported to respond to the complaint on behalf of itself and defendant Niagara County Sewer District No. 1 (District), inasmuch as the District was an administrative unit of the County and was not an entity that could itself be sued. The District nevertheless subsequently served its own verified answer. Plaintiffs appeal from an order that, inter alia, granted the motion of the County, which also purported to be on behalf of the District, seeking to deem the subsequent service of its verified answer timely and to dismiss the complaint in its entirety. We affirm.

Plaintiffs previously commenced a CPLR article 78 proceeding against the County and the County Auditor seeking to compel payment to plaintiffs for services rendered on behalf of the District. Contrary to plaintiffs' contention, Supreme Court did not determine that the District was the proper party against which plaintiffs should commence the instant action. Rather, the court determined that plaintiffs "must determine against whom to commence such an action." On appeal, we affirmed the judgment for reasons stated in the decision at Supreme Court (Michalski, J.) (*Matter of Andrews, Pusateri, Brandt, Shoemaker & Roberson, P.C. v County of Niagara*, 50 AD3d 1594 [2008]).

Contrary to plaintiffs' further contention, the County was not in default when Supreme Court (Caruso, J.) decided that part of its motion to dismiss the complaint in its entirety. Indeed, the court granted that part of the motion seeking to deem service of the County's verified answer timely pursuant to CPLR 3012 (d), and a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) may be made at any time subsequent to serving an answer (*see* CPLR 3211 [e]). Thus, the court thereafter properly decided that part of the County's motion to dismiss the complaint in its entirety.

We further conclude that the court properly granted that part of the County's motion to dismiss the complaint against the District on the ground that the District is an administrative unit of the County that lacks the capacity to be sued (*see generally Village of Brockport v County of Monroe Pure Waters Div.*, 75 AD2d 483, 486-487 [1980], *lv denied* 54 NY2d 678 [1981]; *Belinson v Sewer Dist. No. 16 of Town of Amherst*, 65 AD2d 912, 913 [1978]; *Tom Sawyer Motor Inns v Chemung County Sewer Dist. No. 1*, 33 AD2d 720, 721 [1969]). There is no express statutory authority authorizing the District to sue and be sued (*cf. Matter of Bethpage Water Dist. v Daines*, 67 AD3d 1088, 1089 [2009]), and the capacity of the District to sue and be sued may not be inferred from its limited powers, which are subject to County supervision (*see Tom Sawyer Motor Inns*, 33 AD2d at 721; *see generally Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 156 [1994]; *Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 443-444 [1983], *rearg denied* 61 NY2d 759 [1984]). Contrary to plaintiffs' contention, our decision in *Niagara County Sewer Dist. No. 1 v Town of Niagara* (214 AD2d 978 [1995]) is not controlling on the issue of the District's capacity to sue (*see generally City of New York v State of New York*, 86 NY2d 286, 292 [1995]). Although that case involved a breach of contract action commenced by the District (*Niagara County Sewer Dist. No. 1*, 214 AD2d at 979), we note that lack of capacity is not a jurisdictional defect and therefore may be waived (*see City of New York*, 86 NY2d at 292; *see also Matter of Prudco Realty Corp. v Palermo*, 60 NY2d 656, 657 [1983]). Here, the issue of the District's lack of capacity was timely raised and has merit. In view of our determination, we further conclude that the court properly dismissed plaintiffs' motion for summary judgment against the District as moot.

We reject the contention of plaintiffs that the court erred in denying their request for sanctions against the County and its attorney (*see generally Wedgewood Care Ctr., Inc. v Sassouni*, 68 AD3d 979 [2009]). Finally, the remaining contentions of

plaintiffs are raised for the first time in their reply brief and thus are not properly before us (see *Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.