Jewish Home of Rochester v Estate of Johannes Bochmann (2022 NY Slip Op 06352)

Jewish Home of Rochester v Estate of Johannes Bochmann

2022 NY Slip Op 06352

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

713 CA 21-01066

[*1]THE JEWISH HOME OF ROCHESTER, PLAINTIFF-APPELLANT,
T
v
THE ESTATE OF JOHANNES BOCHMANN, DECEASED, DEFENDANT, AND ROBERT KASE, DEFENDANT-RESPONDENT. 

UNDERBERG & KESSLER LLP, ROCHESTER (DAVID M. TANG OF COUNSEL), FOR PLAINTIFF-APPELLANT.
EVANS FOX LLP, ROCHESTER (JON E. BONAVILLA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered June 17, 2021. The order, among other things, granted the cross motion of defendant Robert Kase for summary judgment dismissing plaintiff's amended complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the second, third, and fourth causes of action against defendant Robert Kase and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a residential skilled nursing facility, commenced this action seeking monetary damages for unpaid charges associated with the care of Johannes Bochmann, a now-deceased resident. Plaintiff appeals from an order that denied its motion for summary judgment on its amended complaint and granted the cross motion of defendant Robert Kase, Bochmann's power of attorney, for summary judgment dismissing the amended complaint against him.
In connection with Bochmann's admission to plaintiff's facility, Kase signed two documents, an application for admission (application agreement) and a long-term care admission agreement (LTC agreement). By signing the application agreement, Kase agreed, inter alia, "that the funds that are currently or have been in the name of [Bochmann] have been or will be used for the care of [Bochmann]." A list of Bochmann's assets was attached to the application agreement. By signing the LTC agreement, Kase agreed to "maintain accurate records regarding [Bochmann's] income and resources so that [his] initial and continued eligibility for Medicaid is not jeopardized," and he agreed "to file all Medicaid applications and re-certifications on a timely basis and to provide all information requested, cooperating fully with the Department of Social Services."
In his deposition testimony, Kase testified that, during Bochmann's residency with plaintiff, Kase and Bochmann's attorney transferred the majority of Bochmann's monetary assets to Kase, in keeping with Bochmann's desire to transfer as much of those assets to Kase as possible without jeopardizing his Medicaid eligibility. Kase asserted that he used a significant portion of the funds he received to pay plaintiff for Bochmann's care. The transfers, however, resulted in the denial of the first application for Medicaid eligibility for Bochmann. Plaintiff, through a third party, subsequently applied for Medicaid benefits on Bochmann's behalf, but Bochmann was still deemed ineligible for several more months and died before receiving benefits.
Plaintiff asserted five causes of action against Kase, alleging that he breached the [*2]application agreement and the LTC agreement and that he fraudulently conveyed Bochmann's monetary assets pursuant to Debtor and Creditor Law former §§ 273, 274, and 276.
As an initial matter, by failing to raise the issue on appeal, plaintiff has abandoned any challenge to that part of the order granting the cross motion insofar as it sought summary judgment dismissing the fifth cause of action against Kase, which is premised on Debtor and Creditor Law former § 274 (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to plaintiff's contention, Supreme Court properly granted the cross motion with respect to plaintiff's first cause of action against Kase, which alleged that Kase breached the LTC agreement by failing to timely apply for Bochmann's Medicaid benefits. Nothing in the LTC agreement provided that Kase could be held personally liable if any acts or omissions on his part caused or contributed to the nonpayment of the nursing home's fees by Medicaid, and the LTC agreement did not serve as a third-party guarantee of payment (cf. Wedgewood Care Ctr., Inc. v Sassouni, 68 AD3d 979, 980-981 [2d Dept 2009]).
We agree with plaintiff, however, that the court erred in granting the cross motion with respect to plaintiff's second cause of action against Kase, for breach of the application agreement. Although the Federal Nursing Home Reform Act prohibits agreements compelling third parties to guarantee a nursing home resident's costs out of the third party's own assets, it does not prohibit agreements whereby a third party agrees to use the resident's own assets to pay for such costs (see 42 USC § 1396r [c] [5] [A] [ii]; [B] [ii]; see also 10 NYCRR 415.3 [b] [1], [6]). A party responsible for the assets of a nursing home resident "may be held personally liable for the cost of [a patient's] care if it [is] shown that [he or she] breached the terms of [an] agreement [with the nursing home] by impeding the nursing home from collecting its fees from the [patient's] funds or resources over which [he or she] exercised control" (Presbyterian Home for Cent. NY, Inc. v Thompson, 136 AD3d 1421, 1422 [4th Dept 2016] [internal quotation marks omitted]; see Sunshine Care Corp. v Warrick, 100 AD3d 981, 982 [2d Dept 2012]). Here, Kase failed to meet his initial burden on the cross motion with respect to that cause of action because his own submissions raised an issue of fact whether he retained Bochmann's assets and could thus be held liable for failing to use them for Bochmann's care in contravention of the terms of the application agreement. We therefore modify the order accordingly. We reject plaintiff's related contention that the court erred in denying its motion with respect to its second cause of action against Kase. Plaintiff failed to meet its initial burden on the motion inasmuch as it failed to establish the amount of Bochmann's assets, if any, retained by Kase but not used for Bochmann's care.
Plaintiff also contends that the court erred in granting the cross motion and denying the motion with respect to plaintiff's third and fourth causes of action against Kase, which alleged fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 276 and 273, respectively. We conclude that the court erred only insofar as it granted the cross motion with respect to the third and fourth causes of action against Kase, and we further modify the order accordingly.
Initially, we note that, contrary to Kase's assertion, claims pursuant to Debtor and Creditor Law former §§ 273 and 276 may be stated against an attorney-in-fact who has rendered a nursing home resident insolvent through uncompensated transfers (see Kaleida Health v Hyland, 200 AD3d 1654, 1655 [4th Dept 2021]).
With respect to plaintiff's third cause of action, Debtor and Creditor Law former § 276 provided that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Triable issues of fact may be found to exist where, even absent direct evidence of fraud, certain "badges of fraud" exist, such as a close relationship between the parties involved in the transfer, the inadequacy of consideration, the transferor's knowledge of the creditor's or a future creditor's claims, and the retention of control of property by the transferor after the conveyance (Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386 [2d Dept 1997] [internal quotation marks omitted]). Intent to defraud is typically a question of fact that will preclude summary judgment (see Jensen v Jensen, 256 AD2d 1162, 1162 [4th Dept 1998]), and here we conclude that, in light of the indirect evidence of fraud, the court erred in granting that part of the cross motion seeking [*3]summary judgment dismissing plaintiff's third cause of action against Kase. We further conclude that the court properly denied plaintiff's motion for summary judgment on the third cause of action because there are triable issues of fact whether Kase actually intended to defraud plaintiff (see generally Haines v West, 176 AD3d 1619, 1620 [4th Dept 2019]).
As to plaintiff's fourth cause of action, pursuant to Debtor and Creditor Law former § 273 and as relevant on appeal, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Although plaintiff specifically based its fourth cause of action against Kase on an alleged transfer of $88,600, there are questions of fact on this record whether the specific transfer identified by plaintiff occurred such that it could be voided pursuant to former section § 273, precluding summary judgment in favor of either party.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court